**FORT WORTH STRUCTURAL STEEL CO.**
**v. GRIFFIN et ux.**

No. 12841.

Court of Civil Appeals of Texas.
Fort Worth.

July 15, 1933.

Bryan, Stone, Wade & Agerton, R. E. Rouer, and Oliver Fannin, all of Fort Worth, for appellant.

McLean, Scott & Sayers and Glover Johnson, all of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee Mrs. Griffin was riding as a passenger in an automobile proceeding along a public highway in 1929 behind a truck which had attached thereto a trailer and on which was being hauled some angle irons, long pieces of metal which extended behind the trailer some 16 feet. The truck driver attempted to turn to the right into appellant's place of business, and the automobile collided with the angle irons, tearing off the arm of Mrs. Griffin.

The jury while in the jury room sent written communications to the court concerning the charge which were answered in writing by the court, delivered to the bailiff, and by him delivered to the jury in the jury room and outside the courtroom. The first of these was by agreement of counsel, but the remainder were without such agreement; the court qualifying the bill by a statement that he thought that if counsel agreed to one such, they would agree to all. This was error.

These communications did not relate to routine matters, but were concerning the jury's disposition of the issues propounded them in the charge.

Appellant first raised these matters on motion for new trial. It is true that the requirements of articles 2197 and 2198, R. S., may be waived by a litigant, but there is no showing that appellant knew of such misconduct before the verdict was returned, and while counsel for appellant was not in the courtroom when the jury asked the questions, it is not shown that he was not available. It

might be held that an attorney who leaves the courthouse and goes where he cannot be reached to show him the jury's question and the court's answer may be said to have waived his rights, but this is not shown by a mere showing that he was not in the courtroom. We regard the question right or wrong as foreclosed by Texas Midland R. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137; and Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033.

■ The trailer was attached to the truck by a swivel so that when the truck turned the trailer did not instantly do so, and upon this appellant contends that the issue inquiring if appellant was negligent in turning the truck to the right was not an ultimate issue as to the trailer. The exception thereto broadly states that the question does not state an ultimate issue, but does not specify the meticulous distinction sought to be made in this court, and is therefore insufficient. Moreover, the issue submitted is not an independent issue from the turning of the trailer, and hence Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, would not authorize us to discard the jury finding thereon. A special issue concerning such turning of the trailer was not requested.

■ The plaintiffs originally joined as defendants the driver of the car in which plaintiff was riding and alleged the negligent operation thereof by such driver. Thereafter plaintiff amended and omitted such driver as defendant. On trial the plaintiff testified she acquiesced fully in the driver's operation of the car in which she was riding. The appellant introduced the abandoned petition. The jury on numerous special issues found the driver of the car carrying plaintiff not negligent. These statements in the abandoned pleading, contradicted on the witness stand were, like any other contradictory statement proved to have been made, for the jury.

We have carefully read the refused requested issues and find them fully and directly covered by the charge.

■ It was unnecessary to submit to the jury whether there was collision, no mirror on appellant's truck or red flag on the angle irons, or was plaintiff injured, inasmuch as these matters were undisputed; but we are unable to see in this case how such submission has been prejudicial. Such practice is however disapproved.

Neither do we see how we could sustain other objections that some terms in the definition of "proximate cause" were not defined. The foundation definition was approved by Justice Neill, Wehner v. Lagerfelt, 27 Tex. Civ. App. 520, 66 S. W. 221, and served us well and efficiently for 30 years until more modern minds perceived weakness in its arm-

or that Williams, Gaines, Brown, and Phillips had apparently overlooked. Then started the flood of defining definitions until with the addenda supposed to be necessary to make it clear, the definition of "proximate cause" as given in the case contains 230 words and spreads over a page of the charge, and is to a layman as clear as day, a day in the long winter at the north pole when the aurora borealis has just gone to bed.

The argument complained of will probably not occur again.

For the error of the court in wrongfully communicating with the jury, the judgment is reversed and the cause remanded.