NEW NUECES HOTEL COMPANY V. L. SORENSON ET AL.

No. 6282.  Decided November 28, 1934.
(76 S. W., 2d Series, 488.)

Baker, Botts, Andrews & Wharton, Vinson, Elkins, Sweeton & Weems, C. R. Wharton, Palmer Hutcheson and C. M. Hightower, all of Houston, for plaintiff in error.

The Court of Civil Appeals should have reversed and rendered the judgment against the hotel company, because under the undisputed evidence as a matter of law the natural gas was the sole proximate cause of the explosion, and no negligent act of the hotel company could have been the proximate cause of the explosion and plaintiff's injuries. San Antonio & A. P. Ry. Co. v. Behne, 231 S. W., 354; City of Dallas v. Maxwell, 248 S. W., 667; Texas & Pac. Ry. Co. v. Bigham, 90 Texas, 223; Sun Oil Company v. Robicheaux, 23 S. W. (2d) 713; Sinclair Ref. Co. v. Smith, 13 Fed. (2d) 68; Texas Emp. Ins. Assn. v. Herring, 280 S. W., 740.

The Court of Civil Appeals erred in reversing and rendering the judgment against the city, because there was evidence to support the jury's verdict and the judgment of the trial court based thereon that natural gas for the city's main caused the explosion, which explosion was proximately caused by the negligence of the city in the manner in which it constructed its gas main. Fakes v. Fort Worth Gas Co., 280 S. W., 234; Caddo Gas Co. v. Jeffries, 271 S. W., 108, Nomath Hotel Co. v. Kansas City Gas Co., 204 Mo. App., 214, 223 S. W., 975; 1 Thornton Oil & Gas (4th Ed.) 1436.

The Court of Civil Appeals erred in reversing and rendering the judgment of the trial court against the contractor, Thrailkill, because there was evidence to support the verdict of the jury and judgment of the trial court based thereon that Thrailkill permitted concrete to rest upon the city's gas main and that such was negligence and the approximate cause of the explosion. Such negligent act of the contractor, Thrailkill, was active while that of the hotel company, if any, was passive. City of Weatherford Water, Ice and Light Co. v. Veit, 196 S. W., 986; Freeman v. Johnson, 136 S. W., 275; Young Men's Ch. Assn. v. Jasse, 183 S. W., 867.

Where contractor is liable to the obligee, the surety is likewise liable. Maryland Cas Co. v. Farmers State Bank & Tr. Co., 258 S. W., 584; Webb v. Smith, 288 S. W., 624; Southern Sur. Co. v. Austin, Comr., 22 Fed. (2d) 881.

Where in trial for personal injury action the evidence raises an issue of unavoidable accident, it is reversible error for the trial court to refuse to submit to the jury such an issue upon timely request. Colorado & S. Ry. Co. v. Rowe, 238 S. W., 908; Suttle v. Texas Electric Co., 272 S. W., 256; Rosenthal Dry Goods Co. v. Hillebrandt, 7 S. W. (2d) 521.

A judgment based upon findings of the jury in regard to negligence and proximate cause not plead by plaintiff cannot be upheld notwithstanding the evidence supports the findings. Northern Texas Trac. Co. v. Singer, 34 S. W. (2d) 920; Farm & Home Saving & L. Assn. v. Muhl, 37 S. W. (2d) 316; National Life & Acci. Ins. Co. v. Casas, 36 S. W. (2d) 323.

*Sidney P. Chandler,* of Corpus Christi, for defendant in error, L. Sorenson; *Boone & Raymer, Allen V. Davis, Boone, Henderson, Boone & Davis,* all of Corpus Christi, and *Felix A. Raymer,* of Houston, for defendant in error, The City of Corpus Christi; *Ward & Ward,* of Corpus Christi, for defendant in error, W. C. Thrailkill; and *Battaile & Dutton,* of Houston, for defendant in error, Bonding Company.

There having been several grounds of negligence alleged and proved, and at least one other act of negligence, found by the jury and relied upon by the defendant in error, which supported the judgment as against each defendant, the error, if any, in improperly submitting the issues complained of, was harmless. Wichita Valley Ry. Co. v. Williams, 6 S. W. (2d) 439, and cases there cited.

Unless there is evidence tending to show that the accident in controversy happened from some unknown cause, or in a manner that cannot be explained, or under circumstances different to those relied on, which circumstances rebut the charge of negligence for which defendants are alleged to be responsible, it is not incumbent upon the trial court to submit the issue of unavoidable accident as a defense. El Paso Elec. Co. v. Hedrick, 39 S. W. (2d) 128; International & G. N. Ry. Co. v. Hailey, 9 S. W. (2d) 182; North Texas Trac. Co. v. Armour & Co., 290 S. W., 544.

There was no evidence to indicate a break or leakage of the natural gas before the explosion or that the explosion resulted in whole or in part from natural gas, and that such gas originated from the City's gas main, and the issue of unavoidable accident should have been submitted to the jury, as to the City. Fort Worth Belt Co. v. Jones, 106 Texas, 345, 166 S. W., 1130; Baldwin v. Goldfrank, 88 Texas, 249, 31 S. W., 1064; International & G. N. Railway Co. v. Matthews, 158 S. W., 1048;

Arkansas Natural Gas Co. v. Oliver, 178 Ark., 522, 13 S. W. (2d) 10.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Nueces County, Texas, by L. Sorenson against New Nueces Hotel Company, a private corporation, the City of Corpus Christi, a municipal corporation, and W. C. Thrailkill for damages alleged to have been sustained by him as the result of a gas explosion in the hotel building belonging to New Nueces Hotel Company in Corpus Christi, Texas, on May 13, 1929.

Sorenson's petition alleges, in substance, that at, and prior to the explosion the hotel company owned and operated this hotel building, which was fully supplied with sewer and gas mains within and upon the hotel property. It is then alleged that east of the hotel building the city owned and operated a gas main in the street, and that adjacent thereto and east of the hotel building there was a sidewalk. It is then alleged that natural gas leaked from the city's gas main and was conducted under the above sidewalk through the earth into the basement of the hotel building. It is also alleged that the hotel company negligently permitted natural gas and sewer gas to accumulate in the basement of the hotel. It is alleged that the above gases exploded injuring Sorenson.

Sorenson's petition further alleges that Thrailkill entered into a contract with the hotel company to construct an annex thereto and that in the construction thereof he failed to provide proper ventilation in the basement. It is also alleged that in the construction work done by Thrailkill he made an excavation in the street of the city exposing the city's gas main, and that as the result of such excavation and the way it was filled the gas main cracked or broke, causing the gas to escape therefrom. This escaping gas is alleged to have gone into the basement of the hotel building.

The city is sued by Sorenson on the theory that it failed to properly inspect and keep in repair the above mentioned gas main.

The hotel company answered Sorenson's petition and filed cross action against the city, Thrailkill, Southern Surety Company of Des Moines, Iowa, and Southern Surety Company of New York. The cross actions against the city and Thrailkill were based on the theory of active and passive negligence. The two surety companies were bondsmen for Thrailkill on his annex construction bond, and the hotel company sued them on

the theory that such bond protected it against any damages it should have to pay out to Sorenson on account of the break in the city's gas main caused by Thrailkill.

The city answered Sorenson's petition, and filed cross actions against the hotel company, Thrailkill, and the two surety companies on the theory of active and passive negligence.

Thrailkill answered Sorenson's petition, and filed cross actions against the city and the hotel company on the theory of active and passive negligence.

The hotel company, the city and Thrailkill all answered the various cross action against them respectively.

The two surety companies answered and defended the action of the hotel company against them.

The pleadings of the various parties, taken as a whole, are very long and complicated, comprising some 87 pages of the transcript. We do not pretend to have made a full statement of the contents of the pleadings of any of the parties, but we trust the one we have made is sufficiently correct and comprehensive to serve the purposes of this opinion.

The case was finally tried in the district court, where it was submitted to a jury on 42 special issues. On the jury's verdict returned on these issues judgment was rendered in favor of Sorenson against the hotel company, the city and Thrailkill, jointly and severally, for $9,200.00. Judgment was rendered for the surety companies. We presume that the judgment of the district court disposed of all parties and issues, and was a final judgment.

The hotel company, the city and Thrailkill appealed from the above judgment to the Court of Civil Appeals at San Antonio. On final hearing in that court the judgment of the district court against the city and Thrailkill was reversed and rendered in their favor. The judgment against the hotel company was affirmed for $5,000.00, after Sorenson had entered a remittitur of $4,200.00 at the suggestion of the Court. The judgment of the district court for the two surety companies was affirmed. 48 S. W. (2d) 365. The hotel company and Sorenson have prosecuted separate writs of error to this court. Both applications were granted.

It appears from the opinion of the Court of Civil Appeals that the jury found that "The explosion was caused by marsh gas, by sewer gas, by natural gas, by marsh gas and sewer gas combined, by marsh gas and natural gas combined, by sewer gas and natural gas combined, and by all of the gases com-

bined." The jury also found that each of these was the proximate cause of the explosion.

We interpret the opinion of the Court of Civil Appeals to hold that this record contains no evidence tending to show the presence of natural gas in the basement of the hotel building at and prior to the time of this explosion, and further to hold that the record contains no evidence tending to show that the natural gas escaping from the break in the city's gas main was being conducted into the basement of the hotel building. In response to such holdings the Court of Civil Appeals reversed the judgment of the district court against the city and Thrailkill, and rendered judgment in their favor. The hotel company and Sorenson assign the above rulings as error.

■ If, in regard to the above matter, the Court of Civil Appeals, after making a ruling of no evidence, had reversed and remanded, instead of reversing and rendering, we would allow such reversal and remand to stand, because in such instance we would presume that a court that would find no evidence would find insufficient evidence. Furthermore if the Court of Civil Appeals had made a finding of insufficient evidence, and has reversed and remanded for such insufficiency, we would allow such judgment to stand. In this instance the Court of Civil Appeals had made a finding of no evidence, and has reversed and rendered. We are therefore presented with a law question. If there is any evidence in the record of probative force sustaining the findings of the jury on the above matters and judgment and rulings of the Court of Civil Appeals cannot be allowed to stand.

As shown by the opinion of the Court of Civil Appeals, this is an enormous record. The statement of facts contains some 1224 pages. Many of these pages are consumed in re-producing the testimony relative to the issues under discussion here. It would serve no useful purpose for us to attempt a detailed statement or review of all the evidence bearing on such issues. While the record is somewhat unsatisfactory we think there is some evidence contained therein tending to show that this explosion resulted, in whole or in part, from natural gas, and that such gas originated from the break in the city's gas main. We also think there is some evidence tending to show that the negligence of Thrailkill produced the break, and some evidence, though rather slight, tending to show that the city ought to have discovered such break in time to have repaired it before the explosion. Also some evidence tending to show that the city might have been remiss in the matter of seeing that the

excavation made by Thrailkill was properly filled, and the gas main properly protected in the instance of his excavation. In this regard there is evidence in the record tending to show that Thrailkill, acting as an independent contractor, made an excavation in the street near the hotel building exposing the city's gas main; that, as a result of such excavation and the way it was re-filled the city's gas main was caused to crack or break; that a concrete sidewalk was constructed over this break adjacent to the hotel building, (Thrailkill did not construct the sidewalk); that the earth extending from the break, underneath the sidewalk toward the hotel was loose or porous, while the earth in the opposite direction was packed or solid; that gas in large quantities was leaking through the break in the gas main, and that because of the loose or porous earth underneath the sidewalk, and the position or location thereof the escaping gas would naturally go towards and under the hotel building. There is much evidence, direct, opinion and circumstantial, bearing on these issues. It is sufficient to say that we are of the opinion that the Court of Civil Appeals was in error in its holding of no evidence.

■ The hotel company contends that the trial court should have rendered judgment for it over against Thrailkill and the city for any amount it may have to pay Sorenson. This contention is based on the theory that the negligence, if any, of the hotel company as passive, while that of Thrailkill and the city was active. It is a rule of law that where two or more parties are liable to another for tort, one by a construction of law on account of the omission of a duty of protection or care, and the other because he was the active perpetrator of the wrong, the active wrongdoer is liable to indemnify the one whose wrong is only passive. East Texas Public Service Co. v. Johnson (Com. App. opinion approved), 6 S. W. (2d) 344. Conceding, for the purposes of passing on this assignment, that, as regards the natural gas from the city's main, the hotel company was passively negligent, and Thrailkill or the city actively negligent, still the hotel company could not be classed as a passive tort feasor under this verdict because the jury also found that marsh gas and sewer gas produced by the negligence of the hotel company caused the explosion.

■ The hotel company requested the trial court to submit to the jury the question as to whether or not the escaping of natural gas from the city's gas main was the sole proximate cause of the explosion. The charge was refused and the hotel

company excepted. We think the pleadings and evidence raised the issue. It is the settled law of this State that a defendant has the right to an affirmative presentation to the jury of any fact, or group of facts, relied on in his pleadings as a defense, and raised by the evidence, which, if true, would establish such defense. Northern Texas Traction Co. v. Woodall (Com. App. opinion approved), 299 S. W., 220; Montreif v. Bragg, 2 S. W. (2d) 276 (Com. App. opinion approved); Horton v. House (Com. App. opinion approved), 29 S. W. (2d) 984.

■ The hotel company requested the trial court to submit to the jury the issue of unavoidable accident. The court refused such requested charge, and the hotel company duly excepted. The hotel company assigned the above ruling as error in its motion for new trial in the district court, and properly presented the ruling of the district court as error in the Court of Civil Appeals. The Court of Civil Appeals affirmed the judgment of the trial court against the hotel company without expressly commenting on this matter. This amounted in law to a ruling adverse to the hotel company. Such ruling is presented as error by the hotel company's application for the writ of error. We think the issue should have been submitted. Dallas Railway & Terminal Company v. Garrison (Com App. opinion approved), 45 S. W. (2d) 183; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Texas, 510; 63 S. W. 534; Dallas Ry. & Terminal Co. v. Darden (Com. App.), 38 S. W. (2d) 777, and authorities there cited; Taber v. McKinzie (Civ. App.), 49 S. W. (2d) 874.

In the Darden case, supra, it is very correctly held that:

"An avoidable accident is one which is not occasioned in any degree either directly or remotely, by the want of such care or prudence as the law holds a man bound to exercise. If the accident complained of could have been prevented by either party by the use and means suggested by common prudence it was not unavoidable."

In Taber case, supra, Judge Gallagher of the Waco Court of Civil Appeals cites the Darden case, supra, and says:

"The proper application of the term is explained in 20 R. C. L. p. 20, as follows: 'If the injury resulting from the act could have been foreseen by a prudent person, the perpetrator will be held accountable therefor; the case is not one of accident. And conversely, if the injury could not have been foreseen, it is to be attributed, not to the actor, but to accident. Accident, then, is an occurrence that could not have been foreseen.' "

As already shown the statement of facts in this case is very extended. It would unduly prolong this opinion to attempt to detail the evidence connecting each of the defendants in the district court with negligence in the production of this explosion. It is sufficient to say that under this record each and all of them could have been acquitted of the act or acts of negligence charged against them separately or jointly. Sorenson was guilty of no negligence. It follows that, under this record, this accident could have occurred without the negligence of any of the parties charged to have been connected therewith. Such a record certainly raised the issue of unavoidable accident.

■ The hotel company complains that the trial court submitted a number of issues bearing on matters of negligence not pleaded by Sorenson. It appears that such issues were submitted because of the pleadings of certain co-defendants over against other co-defendants. Under such a record it was perhaps proper to submit some issues of negligence not pleaded by Sorenson, but the findings thereon could not inure to his benefit. He must recover on findings in response to his own pleadings. Missouri K. & T. Ry. Co. of Texas v. Kennon (Civ. App.), 164 S. W., 867.

■ The hotel company complains of the action of the trial court in entering a judgment for the two surety companies. It appears that these companies were sureties on Thrailkill's original construction contract bond with the hotel company. No error is here shown. We will not prolong this opinion by setting out the bond and contract secured thereby. It is sufficient to say that the bond contains no provision which obligates the surety companies to indemnify the hotel company in this instance. The surety is only bound as he contracts° to be bound.

As shown by the opinion of the Court of Civil Appeals this is an enormous record. The statement of facts, as already shown, contains 1224 pages. The briefs and argument filed by the various parties are numerous, and rather extended, and an unusual number of authorities are cited. Also a great number of assignments are presented to be passed on. We have not attempted to discuss all of them. We trust we have said enough to guide the district court in conducting another trial.

The judgments of the Court of Civil Appeals and district court as regards the two surety companies are affirmed. In all other respects, and as to all other parties, the judgments of

both lower courts are reversed and set aside, and the cause is remanded to the district court for a new trial.

Opinion adopted by the Supreme Court November 28, 1934.