**FRANZ v. LUSK et ux.**

No. 10068.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1937.

Rehearing Denied July 7, 1937.

Kelley, Looney & Norvell and A. W. Cameron, all of Edinburg, for appellant.

J. F. Carl, of Edinburg, for appellees.

SLATTON, Justice.

Appellees, W. Lusk and wife, filed suit on the 13th day of July, 1935, against W. C. Morgan, W. W. Pollard, and Lee L. Franz. The petition was in two counts. In the first it was alleged that appellees, prior to May 9, 1935, owned 20 acres of land of the reasonable market value of $6,000, described as the north half of lot 16 in block 60 of the Alamo Land & Sugar Company's subdivision; that W. C. Morgan, W. W. Pollard, and Lee L. Franz entered into a conspiracy to obtain said land in considera-·tion of the delivery of two $2,000 vendor's lien notes; that said notes were fictitious and worthless; that appellees, relying upon the fraudulent representations in regard to said notes, executed a deed to said property to Morgan, and that Morgan executed a deed, on May 10, 1935, to Lee L. Franz; that Lee L. Franz was not an innocent purchaser for value, and did not pay a valuable consideration for said property. The prayer was for cancellation and rescission and for damages. In the second count the allegations of the first count were reiterated, and the prayer was, in the event rescission and cancellation should be denied plaintiff asked judgment for $6,000 actual damages and $10,000 exemplary damages.

W. C. Morgan and W. W. Pollard made default; Lee L. Franz answered by general demurrer, general denial, and specially pleaded that he had no connection whatever with Morgan and Pollard, and alleged that on May 9, 1935, Morgan came to Franz's restaurant and attempted to sell him the tract of land in question, and on the 10th he agreed to purchase said land from Morgan, and paid to Morgan the sum of $1,000 in cash, less taxes, and also conveyed to Morgan certain lands in Cameron county, Tex.

We have only attempted to set out a part of the pleadings in order that the issues tendered on this appeal may be properly understood.

There was a jury trial and a judgment based upon special issues answered by the jury in favor of W. Lusk and wife, and against Lee L. Franz.

Lee L. Franz brings the case here on four propositions of law, which he claims entitle him to a reversal of the judgment rendered by the trial court.

By his first proposition appellant complains of the failure of the trial court to grant his motion for an instructed verdict, claiming that the issue of notice to Franz was not properly pleaded; and by his second proposition he complains of the submission to the jury of special issue No. 3, and the rendition of judgment thereon, claiming that it was necessary for appellees to plead, as well as to prove, that appellant had notice of their equitable rights in the property.

We do not pause to consider whether or not these two propositions are closely enough related to authorize their presentment together. The appellees' pleading on the question of notice is as follows:

"Plaintiffs would show to the court that the defendants well knew at the time they made said transfer and received the deed

of these plaintiffs to said 20 acres of land, which was well improved and had a good house on it, that they had no land in Precidio County, Texas; that the land against which they pretended to have a lien was not and never had been in the name of W. W. Pollard and that they did not convey said land to the said P. G. McKinley and well knew that both of said pretended vendor's lien notes and the liens securing the same were spurious and worthless and a fraud created and put in circulation with the full knowledge on the part of the defendants that the said notes were not bona fide notes; that the title to said land did not exist as they represented it did to secure the said notes and that said notes so transferred to these plaintiffs in consideration of their transfer of the said 20 acres of land in Hidalgo County, Texas, were absolutely worthless.

"Plaintiffs state, however, that they did not know these facts at the time of said transaction; that they are old and decrepit and unsophisticated in land transactions * * * and they would show to the court that the said Lee L. Franz did not buy said land in good faith and did not pay a valuable consideration therefor and did not buy the same without notice of the vice existing in and against said notes, but bought the same, if he did in fact buy it, in pursuance of the conspiracy of the defendants herein * * * and the defendant, Lee L. Franz, knew at the time he went into said conspiracy and at the time he pretended to have bought said land, all of the foregoing facts, but took the title in his name the next day after these plaintiffs had conveyed it for the purpose of making it appear that he was an innocent purchaser for value of said 20 acres of land when in truth and in fact he paid nothing for said land of substantial value and was not an innocent purchaser without notice but was fully advised of all the foregoing facts before he entered into said matter and is now holding the title to said land in his name to further try to defraud these plaintiffs by creating the impression that he is an innocent purchaser of said land for value."

Franz also pleaded that he became an innocent purchaser for value of said tract of land, that he knew nothing of the fraud practiced on Lusk and his wife by his codefendants, W. C. Morgan and W. W. Pollard.

■ In the absence of a special exception, we are of the opinion that the plead-ing above quoted is sufficient. 3 Tex.Jur. p. 1256; 7 Tex.Jur. p. 982, § 60; Boswell v. Pannell (Tex.Civ.App.) 146 S.W. 233; Osborne v. Prather, 83 Tex. 208, 18 S.W. 613.

■ Passing upon appellant's second proposition, as above stated, appellant here complains that the evidence offered by appellees on the question of notice was insufficient to sustain the jury's finding that Franz was not an innocent purchaser for value in good faith. Appellee, Lusk, testified that on the morning of the 10th day of May, 1935, being the next day after he had given Morgan a deed to the property in question, he went to the café operated by Lee Franz and asked Mr. Franz if he was trading with Mr. Morgan for some land, and Franz said he was on a deal to trade him out of some land, and that Franz asked him if he was the man that owned the land before, and he told him that he was, and that Lusk further told him that he thought it was a fraudulent deal and that he did not think there was anything to the notes, that he thought they were fraudulent; that Franz asked him if he was going to make any trouble about it, and Lusk told him he certainly would if he found out the notes were not any good. Lusk further testified that he told Franz that if he found out the notes were not good he was going to try to set the sale aside.

It is true that the appellant denied this conversation. We are of the opinion that the information given the appellant, Franz, by appellee, Lusk, and undoubtedly believed by the jury, is sufficient to preclude the appellant from claiming to be an innocent purchaser of said land in question for value.

Appellant, in support of this proposition, cites the case of Teagarden v. R. B. Godley Lbr. Co., 105 Tex. 616, 154 S.W. 973, 974, and quotes from that opinion as follows: "The right of the plaintiff Teagarden in the land is an equity. The Godley Lumber Company has the legal title. The rule is that under this state of facts the burden was upon plaintiff to show notice to the Godley Lumber Company."

We think the pleading, evidence, and finding of the jury support the judgment entered by the trial court for appellee, and the Teagarden Case, supra, supports the judgment here sought to be reversed.

By appellant's third proposition he claims the testimony of appellee, W. Lusk, wholly fails to support the jury's finding on special

issue No. 3, and that such finding should be disregarded.

Special issue No. 3 is as follows: "Did the defendant, Lee L. Franz, have notice that M. C. Morgan had obtained the deed from the plaintiffs by fraud before he, the said Franz, paid the consideration, or any part thereof, passing from the said Franz to the said, Morgan for the conveyance of the property from Morgan to Franz, on May 10, 1935?"

We have heretofore given the substance of the testimony of Lusk with reference to notice to appellant Franz. Other testimony in the record would authorize the jury to infer that this conversation took place before any money had been paid by the appellant to Morgan.

In 31 Tex.Jur. 363, it is stated: "Knowledge will be imputed and may be implied from . circumstances where the circumstances known to one concerning a matter in which he is interested are sufficient to require him, as an honest and prudent person, to investigate concerning the rights of others in the same matter, and diligent investigation will lead to discovery of any right conflicting with his own."

It would appear that any prudent person who was on a deal with Morgan to trade for the land in question, after having been advised by Morgan's grantor that he believed he had been defrauded and had received spurious, fictitious notes as a consideration for said property, and that he was going to investigate and if he found he had been defrauded was going to try to rescind the transaction, would not have completed the deal and given up anything of value to Morgan.

The jury having found that appellant had notice, and there being evidence sufficient to sustain the jury's finding, we are compelled to overrule the contention of appellant.

The next complaint of appellant is as follows: "The action of the trial court in giving its Special Issue No. 2 to the jury (relating to the liability of the defaulting defendants, Morgan and Pollard) and in connection therewith submitting Special Issue No. 3 (Relating to the matter of notice to the appellant, Franz), was prejudicial to appellant's rights, for the reasons that: said Special Issue No. 3, connected as it was with Special Issue No. 2, was unintelligible to the jury; said issues submitted to the jury a question of law; said issues were on the weight of the evidence, and in the nature of a general charge."

By the statement and argument following this proposition it is claimed by appellant that issue No. 2 did not embrace a controversial fact between appellees, Lusk and wife, and the appellant, Franz. We understand the rule to be that it is only necessary in a case submitted to a jury upon special issues to submit the controversial issues of fact. However, we do not understand the rule to be that the submission of a fact to a jury which is not in dispute is always reversible error. We are, therefore, of the opinion that appellant was not injured in this case. Fort Worth Structural Steel Co. v. Griffin (Tex.Civ.App.) 63 S.W.(2d) 887, 888.

Appellant also makes complaint here that the charge was a general charge. This complaint was not urged in the trial court and therefore cannot be claimed as error here.

The appellant also claims that the charge in its definition of fraud was a comment on the weight of the evidence. We have viewed the court's charge with this particular objection in mind and are of the opinion that the objection is without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.