## CITY OF WINTERS v. BETHUNE.

No. 8543.

Court of Civil Appeals of Texas. Austin.

Nov. 24, 1937.

Rehearing Denied Dec. 22, 1937.

798

A. J. Smith, Jr., of Winters, and Smith & Smith, of Anson, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

BAUGH, Justice.

Appeal is from a judgment, based upon special issue verdict of a jury, in favor of appellee against appellant, for damages for personal injuries sustained by her on July 4, 1934, in a fall on a sidewalk in said city, which the jury found the city had negligently permitted to become unsafe for the use of pedestrians. Appellee sustained a dislocated shoulder and a broken collar bone. The jury found damages in her favor in the sum of $2,500, and no complaint is made by appellant that such sum is in any way excessive.

The injury occurred in front of Hardin Lumber Company's place of business on the west side of the main business street of said city. At this point the street and sidewalk ran north to south and the lumber company's yard faced east thereon. Entering its yard were two concrete driveways rising from the street grade and crossing the sidewalk. These driveways were approximately 36 feet apart. The defective sidewalk in question was a section thereof immediately south of the north driveway.

The first contention made by appellant and embodied in several assignments and propositions complains of several of the special issues as submitted by the court, on the ground that they were duplicitous and multifarious, and that as submitted they assumed as a fact matters controverted both by the pleadings and the testimony. We copy special issue No. 1, as illustrative of the point made, and as common to the other issues complained of. This charge read as follows: "Do you find from a preponderance of the evidence in this case that on July 4th, 1934, plaintiff stepped into a hole in the sidewalk where the concrete was worn, cracked and displaced in front of the H. H. Hardin Lumber Company and at a point just immediately south of the north intersection of the driveway with the sidewalk. Answer yes or no." Answer: "Yes."

In answer to subsequent issues the jury found that Mrs. Bethune was caused to fall by stepping into such hole; that she sustained injuries as a result; that the officers and employees of the city knew, or should have known by the exercise of ordinary care, of such defect; that it was negligence on its part to permit such hole to exist there; and that such negligence proximately caused the injury to appellee.

Appellant did not object to such issue on the ground that it was duplicitous or multifarious, and raises this objection for the first time on appeal. It was objected to, however, on the ground that as given the court assumed as a fact a controverted issue, that is, whether there was a "hole" in the sidewalk at the point in question. The contention is not sustained. We have read carefully the evidence on this issue and there is no dispute but that the sidewalk was defective at this point. The wit-

nesses for the city, including the mayor, testified that the sidewalk had buckled at this point and that portions of surface of same had slaked off down to the base and were gone, and that a depression of not more than an inch was made thereby. Appellee's witnesses testified that even the base was gone, leaving a hole from 4 to 6 inches deep. The only conflict was as to the dimensions and depth of the defect in the sidewalk. That it was lower than the remainder of the sidewalk at that point is not controverted. The mere use of the term "hole" by the court is no intimation that it was as deep as appellee's witnesses testified, and the further language of the charge, "where the concrete was worn, cracked and displaced," described it as did the witnesses for the appellant. That being true, the matter of whether the sidewalk was defective at this point was not a disputed issue, and it was not necessary to submit it to the jury. The only issue involved was whether the defect, whether designated as a "hole" or not, was such as to be dangerous, and whether its existence and continuance unrepaired constituted negligence on the part of the city. While the issue as to the existence of such hole at the point in question was controverted by the pleadings, the only conflict in the evidence was as to the extent and depth of it. It is now settled that though issues be controverted by pleadings, if there be no conflict in the evidence with regard thereto, they need not be submitted to the jury. Article 2190, R.S., as amended by Acts 1931, c. 78, § 1, Vernon's Ann.Civ.St. art. 2190; Temple Trust Co. v. Stobaugh, Tex. Civ.App. 59 S.W.2d 916, 920; Franz v. Lusk, Tex.Civ.App., 107 S.W.2d 479; 41 Tex.Jur. § 228, p. 1027, § 278, p. 1112. It follows, therefore, that even if appellant were entitled to urge on appeal an objection to the charge not made upon the trial, but one issue was presented in the charge and no duplicity was involved therein.

■ The same contention is made with regard to special issue No. 4 as submitted, which inquired whether officers and employees of the city knew, or by the exercise of ordinary care should have known, of the existence of such hole in the sidewalk. No objection was made to this issue upon the trial on the ground that it was duplicitous, but is made for the first time on appeal. The general rule is that objections not made to, nor acted upon by, the trial court, will not be considered on appeal. 3 Tex.Jur. § 116, p. 177, § 141, p. 213, and cases cited thereunder. Regardless of this, however, the mayor of the city testified that he knew of the condition of the sidewalk, which knowledge was attributable to the city, and the question of whether the city should have known of it becomes immaterial.

■ The next contention made is that the trial court erred in refusing to give the defendant's requested charge on contributory negligence, and to submit to the jury the issue: "Was the plaintiff guilty of 'contributory negligence' as that term is defined to you above, at the time she fell upon the sidewalk, etc."; and, second, whether such negligence, if found, was a contributing cause of her injury. Regardless of whether the issue submitted by the court as to plaintiff's negligence was sufficient or not, we think there was no error in refusing the charge requested. Manifestly it is in the nature of a general charge on that issue, which has been held to be improper, where especial grounds of contributory negligence have been pleaded, as was true in the instant case. Where that is the state of the pleadings, the issues submitted should be restricted to the specific grounds pleaded and the issue of such negligence generally should not be submitted. Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001, 41 Tex.Jur. § 270, p. 1095, and numerous cases cited in support of the text. The charge requested was improper for the further reason that it nowhere placed the burden of proof. Jordan v. Morten Inv. Co., 127 Tex. 37, 90 S.W.2d 241.

■ Appellant next complains of the refusal of the court to submit its special charge No. 2. This charge, as requested, consisted of three inquiries, all contained on the same sheet of paper, and were to the following effect: first, Whether the sidewalk at the point in question was "in an unsafe condition to be used by pedestrians, etc."; second, "in a dangerous condition for pedestrians to walk on, etc."; and, third, whether there was a hole in the sidewalk at that point, "about two feet wide and six inches deep".

The latter inquiry manifestly related to the size and depth of the hole as pleaded by the plaintiff, and was clearly a matter of evidence. It was not essential for the plaintiff to prove that the hole in question was as large and as deep as she pleaded in order for her to recover, if she showed

that the hole in the sidewalk, whatever its size and depth, made it unsafe, and otherwise established grounds for recovery.

As to the first two above indicated issues requested, they were, we think, substantially and adequately presented in special issue No. 10A submitted to the jury, wherein they were asked whether "the defendant failed to maintain its sidewalk in a reasonably safe condition * * *" at the place in question. This was the proper test of the city's liability, and as to whether or not it was negligent in the premises. As submitted, therefore, it embodied the same issue as that sought to be submitted in the charges requested, and no injury could have resulted from the refusal of the court to give them.

 The next error asserted by appellant is in the refusal of the court to give its requested charge No. 3. This requested charge inquired, first, at what point on said sidewalk did the plaintiff fall; and, second, at what point on the sidewalk did she receive her injury, if any. These requested issues were clearly predicated upon the testimony of two witnesses who testified that they saw her fall in the south driveway in front of the Hardin Lumber Company's yard, some 36 feet south of the point where the defective sidewalk was shown, but did not see her fall at the north driveway. There was no defect in the sidewalk at the south driveway. Mrs. Bethune testified that she fell and received her injury at the hole in the sidewalk at or on the edge of the north driveway; that as a result she was dazed and walked or staggered along the sidewalk southward, and again fell to her hands and knees as she crossed the south driveway over the sidewalk, but that she did not receive her injury from that fall. Apparently the witnesses did not see her as she crossed the first or north driveway over the sidewalk, but first observed her as she was walking between that point and the south driveway. At any rate, they did not see her fall at or near the edge of the north driveway.

The defendant pleaded a general denial and contributory negligence, but did not plead that she received her injuries at the south driveway instead of at the hole near the north driveway. If it had, there being no issue but that sidewalk at the south driveway was in a safe condition, such plea would have presented a separate defense to her cause of action. But no such plea, as constituting a defense to the cause of action pleaded by her, was interposed by the defendant. If it had been, undoubtedly under the evidence the issues requested should have been submitted. It is now well settled that, where a defendant pleads facts constituting a complete defense to a cause of action asserted by the plaintiff, if there be any evidence to support such plea, the defendant is entitled to have such defense affirmatively submitted, regardless of what the jury may find on the issues submitting the plaintiff's cause of action as pleaded. Article 2190, R.S., as amended; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; New Nueces Hotel Co. v. Sorenson, 124 Tex. 175, 76 S.W.2d 488; 41 Tex. Jur. § 280, p. 1116, and numerous cases there cited.

But it is likewise a well-settled rule of law that to entitle a defendant to have submitted and to obtain a jury finding on a state of facts which, if true, would constitute a complete defense to plaintiff's alleged cause of action, such a defense must be pleaded. A special defense, unless it be unavoidable accident which negatives the negligence of either party, is not available as a jury issue unless it be pleaded. This under the general well-recognized rule that only issues pleaded and raised by the evidence can properly be submitted to the jury. Desdemona Gasoline Co. v. Garrett, Tex. Civ.App., 90 S.W.2d 636, 641; New Nueces Hotel Co. v. Sorenson, supra; Article 2190, R.S.1925, as amended; 41 Tex.Jur. § 235, p. 1038.

The defendant in the instant case did not specially plead that the plaintiff sustained her injuries at a different place and in a different manner than as alleged in her petition, such as would exonerate the city from liability; but in this regard chose to rely on its general denial. Manifestly, then, the facts inquired about were but evidentiary on the issue as to whether or not she did receive her injuries at the place and in the manner she alleged and testified that she received them. If the jury had concluded that Mrs. Bethune had fallen only once and at the place (the south driveway) where the two witnesses said they saw her fall, or that she received her injuries at this point, necessarily they could not find, as they did find, that she fell at another place and received

her injuries there. So, as stated, the facts inquired about in the requested issues were, under the pleadings, but evidentiary on the issue of whether or not she received her injuries as alleged by her, and it was not error to refuse them. 41 Tex.Jur. § 225, p. 1021.

The next contention made by appellant complains of misconduct in the presence of the jury by the plaintiff herself, when not on the witness stand, and of her son who was a witness in her behalf. As to Mrs. Bethune the asserted misconduct òccurred as follows: When Dr. Henslee, the physician who attended her when she received her injury and had examined her a few days before the trial, and who testified in her behalf, left the witness stand, Mrs. Bethune who was sitting with her counsel used the following language in the presence and hearing of the jury: "I am suffering so badly with my shoulder and arm that I want to see Dr. Henslee before he leaves and get him to give me a prescription for some medicine to ease me." Counsel for the defendant immediately objected and requested the court to instruct the jury not to consider such remark for any purpose, which the court promptly did.

Thereafter when her son, J. A. Bethune, had completed his testimony, as he left the witness stand and passed in front of the jury, he stated in an audible voice sufficiently loud for the jury to hear him, "I would like to speak to the plaintiff, my mother, and give her a package of medicine that Dr. Henslee fixed up for her." He then approached his mother in front of the jury, took from his pocket a ten-cent package of aspirin tablets and handed them to his mother with the remark loud enough for the jury to hear, "Here is the medicine that Dr. Henslee fixed up for you, and said for you to take some of it now." At the request of counsel for the defendant, the court likewise instructed the jury not to consider such action or remarks for any purpose. The court also in approving the bill of exceptions to this conduct found that such conduct upon the part of the plaintiff and her son was voluntary on their part.

That such conduct and remarks in the presence of the jury were improper and prejudicial in nature we think there can be little doubt. Counsel for the plaintiff was in nowise responsible for them. It is also true that Dr. Henslee had testified as to the nature and extent of the injuries of the plaintiff and the probability of continuing pain resulting therefrom. To the same effect was the testimony of Dr. Cash, who had examined her, made X-rays of her shoulder, and testified in her behalf. He likewise was of the opinion that because of improper knitting of the bones, and the displaced shoulder joint, which curtailed the use of her right arm, there would be continuing pain. While on the witness stand Mrs. Bethune testified that she had continuously suffered pain during the two years since the injury, and that she was at the time of the trial and while testifying suffering severe pains from the injury. So far as Mrs. Bethune was concerned, therefore, the statement made, except in so far as her desire to have her doctor prescribe for her pain, was nothing more than what she had already stated while on the witness stand.

While this conduct was improper and doubtless prejudicial on the issue as to the extent of her injuries, we are unable to see how it would have a prejudicial bearing on the findings of the jury as to where and how the injury occurred. Rather it was calculated to accentuate in the minds of the jury the degree and intensity of the injury suffered and of the continuing character of her pain. In that regard it was reasonably calculated to have some influence on the amount of the damages to which she was entitled; but we are of the opinion that it would not reasonably have any bearing on the issue of negligence of the defendant and on the issue of the place and manner in which the plaintiff received her injuries. The jury awarded her $2,-500 in damages. There is no complaint that such damages were excessive, and, from the character and extent of the injuries shown by the record, there is no indication that such damages are excessive. While the conduct of both the plaintiff and her son was improper, it was voluntary, was condemned by the court in the presence of the jury, and we are of the opinion that, under all the facts and circumstances, no injury resulted to the defendant because of it.

Numerous cases have been before the courts involving misconduct of counsel and rather rigid rules have been laid down to keep counsel within the bounds of propriety in their conduct of a suit. But as relates to parties to the suit and their witnesses, no Texas case has

been cited to us, nor have we found any, involving a situation similar to that here presented. The general rule as stated in 64 Corpus Juris, 103 is that such matters are left largely to the discretion of the trial court, who is in a position to observe the result of such misconduct, in most instances to control same, and to determine in view of all the circumstances whether or not prejudice and injury has resulted. In the instant case the trial court in overruling the motion for new trial evidently concluded that no injury had resulted, and we are not in a position to say that he has abused the discretion vested in him in such case.

 The next contention raised complains of argument of plaintiff's counsel to the jury with reference to their answers to special issues Nos. 7, 8, and 9. This alleged misconduct is that in his argument to the jury counsel stated, "From the evidence in this case you will have to answer special issue No. 7, 'Yes.'" The same language was used with reference to special issues 8 and 9. Counsel for the defendant objected to this argument at the time, but his objection was overruled by the court. Issue No. 7 inquired whether the defendant was negligent in failing to repair the hole in the sidewalk; No. 8, whether such negligence, if found, was a direct and proximate cause of her injury. No. 9 inquired whether the plaintiff was negligent in the manner and way in which she was walking at the time she stepped into the hole in the sidewalk.

As stated above, numerous cases involving the issue of misconduct of counsel have been before the courts. We are of the opinion, however, that the argument as made was not improper. Counsel have a right to argue how a question should be answered by the jury, so long as such argument is predicated upon and referable to the evidence in the case. And as we construe the remarks of counsel in this case, they did nothing more than advise the jury that from the evidence it necessarily followed that the questions involved must be answered as indicated by him. Nowhere did he intimate to the jury that they must be so answered to entitle· plaintiff to recover, nor to instruct the jury what would be the result of their answers. It amounted to nothing more nor less, in our opinion, than telling the jury, therefore, that the uncontroverted evidence, or the overwhelming evidence,

required them to answer the questions as suggested. The argument in the instant case we think comes clearly within the rule laid down by Judge Sharp in Dallas Ry. & Terminal Co. v. Bankston, 51 S.W.2d 304–310, in which the Supreme Court approved the holdings of the commission on the questions discussed. Based upon this case, and the rule therein laid down, this contention made by the appellant is overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.