## LARSON et al. v. WHITTEN.

No. 8553.

Court of Civil Appeals of Texas. Austin.

Dec. 1, 1937.

Rehearing Denied Dec. 31, 1937.

R. H. Mercer and Hayden C. Covington, both of San Antonio, for appellants.

Polk Shelton & Emmett Shelton and Everett L. Looney, all of Austin, for appellee.

BAUGH, Justice.

The parties will be designated as in the trial court. Appellee, as plaintiff, sued appellants, defendants below, for damages to his car and for personal injuries, resulting from a collision between his car and a truck owned by defendants which occurred on the streets of the city of Taylor, in Williamson county, in the nighttime on November 16, 1935. The suit was predicated upon the alleged acts of negligence of the driver of the truck. The case was submitted to a jury on special issues in answer to which they found the driver of the truck, an employee of defendants, guilty of several acts of negligence as charged; found plaintiff not guilty of contributory negligence alleged in defendants' answer; found the amount of plaintiff's damages to himself and to his car in the aggregate sum of $950; and the court rendered judgment for that sum in favor of the plaintiff, from which the defendants have appealed.

The only questions presented on the appeal relate to the charge of the court either as given, or for failure to give requested charges submitting to the jury certain acts of contributory negligence of which the plaintiff was alleged to have been guilty. The first of these is that the court erred in refusing to submit to the jury the question of whether or not the plaintiff, Pat Whitten, failed to keep a proper lookout on the occasion in question, and, if so, whether such failure was negligence, etc.

We are of the opinion that the court erred in refusing to submit this issue. The collision in question occurred under the following circumstances: The plaintiff, driver of the wrecked car, was proceeding east on one of the streets of Taylor. He testified that when about one-half or three-quarters of a block from the cross-street intersection where the collision occurred, he saw the truck in question, about a block beyond the place of the collision, coming in the opposite direction to that in which he was traveling. That as he approached the intersection, he slowed down, held out his hand for a left-hand turn, and proceeded to make such turn to his left around the marker in the center of the street intersection. That as he made such turn, he saw the truck was about a quarter of a block away. That after he had rounded said marker he next saw the truck immediately upon him, and that just as his left rear wheel passed the center marker, and his car was directly in the path of the on-coming truck, the truck struck the front end of his car causing the damages and injuries sued for. The general situation presented, therefore, is that of two motor vehicles, both with lights burning, traveling in opposite directions, with no cars or other obstructions between, and with equal opportunity to see each other, approaching a street intersection. The driver of the car contemplated making, and did make, a left-hand turn directly in front of the on-coming truck. According to his own testimony, he did not see the truck from the time it was a quarter of a block away until it was immediately upon him as he turned in front of it.

The first issue submitted to the jury was whether the driver of the truck kept a proper lookout on the occasion in question. The jury answered in the negative. The defendants pleaded that plaintiff failed to keep a proper lookout also, and tendered issues accordingly. Plaintiff knew that the truck was approaching from an opposite direction, and that his turn to the left at the street intersection would place his car directly in front of and across the path of the on-coming truck unless he waited for it to pass before making such turn, or cleared the intersection before the truck entered it. Under such circumstances, ordinary care required plaintiff,

who knew that he was about to make a turn which would place him in a place of danger, to keep a lookout for approaching vehicles. The only evidence as to such lookout made by him was manifestly his own testimony, and that was, among other things, to the effect that he knew that the truck was approaching from the opposite direction, and that there was nothing to keep him from seeing it at any and all times as he made his left-hand turn. The uncontroverted facts and circumstances coupled with the further fact that the only testimony on that issue was his own, an interested witness, were sufficient to take this issue to the jury. It is now settled that the credibility of an interested witness is for the jury to determine, and if a material fact is dependent upon his testimony alone, the court should submit such issue to the jury. Stone v. City of Wylie, Tex.Com.App., 34 S.W.2d 842; Aetna Casualty & Surety Co. v. Tobolowsky, Tex. Civ.App., 73 S.W.2d 556; 17 Tex.Jur. § 418, p. 926; 41 Tex.Jur. § 229, p. 1029; Speer's Law of Special Issues, § 167, p. 217. In view of the fact that plaintiff had the same opportunity to observe the approaching truck as the driver of the truck had to observe the conduct of plaintiff; the fact that plaintiff knew that he was going to make a left-hand turn at the street intersection which would require him to cross the path of the truck; and his own testimony that he saw the truck a quarter of a block away as he undertook to make the turn, and not again until it was immediately upon him; coupled with the fact that he was an interested witness in his own behalf, and his care in the matter referable to his own testimony, were clearly sufficient, we think, to require submission of such issue to the jury.

■ It is well settled that the defendant is entitled to an affirmative submission of any material defense pleaded which finds support in the evidence. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; New Nueces Hotel Co. v. Sorenson, 124 Tex. 175, 76 S.W.2d 488; 41 Tex.Jur. § 280, p. 1116. We conclude, therefore, that the trial court erred in refusing to submit the issue requested.

■ We think the trial court erred also in refusing to submit to the jury defendant's special issue inquiring whether the plaintiff was operating his car in excess of 20 miles per hour on the occasion in question, and, if so, whether same was negligence and a contributing cause of the collision. Such contributory negligence was pleaded. The error asserted, therefore, depends upon whether there was sufficient evidence to raise this issue. We have concluded that there was. The record discloses the following: Plaintiff, and a passenger who was riding on the front seat with him, both testified that plaintiff was driving his car at 12 or 15 miles an hour, not exceeding 15 miles an hour. Plaintiff testified that when he saw defendants' truck it was about a block beyond the intersection where the collision occurred, and that his car was then a half or perhaps three-quarters of a block in the opposite direction from such street intersection. That he slowed down before he reached the street intersection, turned to the left around the marker in the center of such street intersection, and that as he was making such turn, the defendants' truck was about a quarter of a block away. Plaintiff's witnesses testified that defendants' truck was traveling at an estimated speed of 40 miles per hour, and the jury found that its speed exceeded 20 miles per hour. If the testimony of plaintiff and his witnesses as to the location of plaintiff's car and the speed of defendants' truck he accepted as true, it is manifest that plaintiff's car immediately preceding the collision must have been traveling in excess of 20 miles per hour. If the plaintiff, regardless of his testimony that he was driving at only 12 to 15 miles per hour, could travel from one-half to three-quarters of a block, slow down, make a right-angle turn to the left beyond the center of the street intersection, at which point he testified that the truck was still a quarter of a block away, if such truck was traveling at 40 miles per hour, as he testified, plaintiff himself must as a matter of mathematical calculation have been traveling in excess of 20 miles per hour. Or to put it another way, if he had been traveling at only 15 miles per hour while only a half block from the intersection, and the defendants' truck were traveling at 40 miles an hour, a block from such intersection, and the plaintiff slowed down, as he testified, as he approached the street intersection, the defendants' truck would necessarily have reached the intersection first and would have cleared the center before the plaintiff could have made the turn in front of the truck. Nor do these facts and circumstances merely go to the credibility of the witnesses and the weight to be given their

testimony. This for the reason that if their testimony as to the location of the respective vehicles as they approached the intersection and the estimated speed of the truck at 40 miles per hour, in violation of law, be accepted as true, a clear issue of fact was made as to whether plaintiff was himself, under his own testimony and the circumstances of the collision, also exceeding 20 miles per hour, in violation of law, in the city of Taylor. This issue having been raised by the pleadings and the above indicated testimony and circumstances, should, we think, have likewise been submitted to the jury and the court erred in refusing to do so.

The other issues raised and not specifically discussed need not arise upon another trial and we deem it unnecessary to further extend this opinion by discussing them here.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.