James R. URQUHART, Appellant,

v.

Marvin BARNES et al., Appellees.

No. 16097.

Court of Civil Appeals of Texas.

Fort Worth.

April 22, 1960.

Rehearing Denied May 27, 1960.

Allen B. Conner, Brown & Murray, and M. Hendricks Brown, Fort Worth, for appellant.

Clyde & Barnes, Cantey, Hanger, Johnson, Scarborough & Gooch, John H. Mc-Bryde and Frank E. Crumley, Fort Worth, for appellees.

BOYD, Justice.

James R. Urquhart sued Marvin Barnes, Mrs. L. M. Barnes, and Marguerite Barnes Walker and husband, John Walker, for damages for personal injuries sustained by him while diving from a springboard attached to a floating dock in Eagle Mountain Lake at a recreation area known as Barnes' Place. There was a verdict and judgment for defendants, and plaintiff appeals.

Appellees are the owners of a lease on an area of the lake, which lease was obtained from Tarrant County Control and Improvement District No. 1. Admission fees are charged for use of the area. On the day in question, June 3, 1958, appellees maintained two or more floating docks on the water in the area. In diving from a springboard attached to one of the docks, appellant's head struck the bottom of the lake, which accident resulted in very serious and probably permanent injuries, his damages being found by the jury to be $52,541.45.

The jury found: the danger of striking his head on the bottom of the lake was not known to appellant before he dived; the danger of striking his head on the bottom of the lake was not so open and obvious that he should have realized such danger; such danger was not known to appellees, and could not have been known to them by the exercise of ordinary care; appellees furnished a diving board in water which was not of sufficient depth to make it reasonably safe for appellant to dive; the furnishing of the diving board under such circumstances was not negligence; appellees were not negligent in failing to give, by sign or otherwise, information as to the depth of the water near the end of the diving board; appellees failed to restrict the use of the dock and diving board to children only; such failure was not negligence; appellees were not negligent in failing to dig out the bottom of the lake in

the area immediately in front of the diving board prior to the time that appellant used it; appellees were not negligent in failing to move the dock to deeper water prior to the time that appellant was hurt; appellant did not dive when he was not in proper physical condition to execute a safe dive; and appellant's injury was the result of an unavoidable accident.

By appellant's first group of points it is contended that the findings absolving appellees from negligence are without support in the evidence or are so against the weight and preponderance of the evidence as to be clearly wrong.

Appellees had operated Barnes' Place for about twenty years, and there was no evidence that there had been a previous water accident. There was evidence that appellees made periodic measurements of the depth of the water beneath the diving board and around the docks, and on the day before the accident in question, about 12:30 or 1:00 o'clock P.M., appellee Walker measured it and found the depth to be six and one-half feet, or a little over, on the side of the dock nearest the shore, which was the shallowest part around the dock. "* * * this barge was taut against the chain, that it couldn't go any further * * Q. * * * Any further which way? A. Toward the wall. That is the way the board is on it, and I took this six foot oar, and I measured all around, (Indicating), as far out as, I'd say, 5 or 6, or maybe 7 feet out in front of the board, and then I'd move it from one direction to the other, and measure it, * * *."

Appellant was an experienced swimmer and diver. He had been swimming as long as he could remember. He was acquainted with Barnes' Place, and had been going there for a few years. He had theretofore dived off of other floating docks at Barnes' Place. He had been there when on account of dry weather this area was dry land. On the day in question appellant checked the depth of the water, by holding on to the side of the dock and pushing himself down.

He tested the depth twice. He testified that he did not reach bottom; he satisfied himself that it was deep enough for him to dive into. He said he would not have dived if he had not thought it was deep enough. He is five feet, seven and one-half inches in height. "If I couldn't touch bottom, it would have to be more than five foot, seven and a half. * * * I guess I could have pushed myself deeper and felt bottom, but, * * * Q. * * * You were satisfied that, as deep as you went, was sufficient for anybody to dive into? A. Yes, sir, I was." He said his conclusion that the depth was sufficient for safe diving was based on his experience in swimming and diving for as long as he could remember.

It seems to be the rule that the duty of the owner of premises to an invitee is to use ordinary care to keep the premises in a reasonably safe condition so that the invitee will not be injured. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Robert E. McKee, General Contractor v. Patterson, 153 Tex. 517, 271 S.W.2d 391. The invitee is under the burden to prove the owner knew or ought to have known of the danger, that he was negligent in maintaining the premises in that condition, and that such negligence proximately caused the injury. Camp v. J. H. Kirkpatrick Co., Tex.Civ. App., 250 S.W.2d 413; McFerren v. Brae Burn Country Club, Tex.Civ.App., 274 S.W. 2d 122; 38 Am.Jur., p. 757, sec. 97. In Texas & P. Ry. Co. v. Howell, Tex.Civ. App., 117 S.W.2d 857, 860, where inspections of the premises involved were made 19 and 10 days respectively, before the injury, the court said: "If said inspections, * * * were insufficient or improper, that fact is not disclosed by the evidence. There is no evidence showing or tending to show what constituted a sufficient or proper inspection of the platform. The evidence is insufficient to show negligence in inspection." In Fort Worth & D. C. Ry. Co. v. Hambright, Tex.Civ.App., 130 S.W.2d 436, 439, it was said: "The only condition under which such an owner is liable to

those whom he invites upon his premises are when dangerous and unsafe instrumentalities or conditions exist and are known to him and not known to such invited persons and they are injured by such instrumentalities or conditions."

We think these matters were issues of fact and that the evidence was sufficient to support the findings which absolved appellees of negligence proximately causing appellant's injuries.

By another group of points appellant contends that it was error to submit the issue of unavoidable accident and that there was no evidence, and the evidence was insufficient, to support the finding of unavoidable accident.

"Unavoidable accident" is one which is not occasioned in any degree by want of due care. It is one which happens without fault on the part of either party. Thurman v. Chandler, 125 Tex. 34, 81 S.W. 2d 489; Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379; New Nueces Hotel Co. v. Sorenson, 124 Tex. 175, 76 S.W.2d 488. We do not think these points reflect error.

Error is assigned to the action of the court in excluding testimony by appellant's witness Sherman that in his opinion the reasonably safe depth of water for an adult to dive into from a board approximately two feet above the water would be a depth of at least two feet over the person's head; and in allowing appellee's witnesses Seago and Gallagher to testify that in their opinion a safe depth at the place where the accident in question occurred would be from five to six feet when diving from a board from one to three feet above the water.

Sherman held a card from the American Red Cross authorizing him to conduct swimming, lifesaving, and water safety courses from January 1, 1946, to December 31, 1946; he had done work as a diving instructor, but how much such work was not shown; he had dived to some extent himself; he had observed "these man-made pools around the city"; he did not offer any opinion as to a safe diving depth from a floating dock into a lake. He said that he did not consider himself an expert.

It seems that appellant's objection to the testimony of Seago and Gallagher was not that they were not experts, and from the evidence we think the court could find that they were, but that they based their opinion in part upon some published standards which were not introduced into evidence.

Both of these witnesses were familiar with Barnes' Place, and gave their opinions as to safe depths for diving from a board on a floating dock. Seago had conducted camping programs, including instructions in swimming and diving, at Barnes' Place for three years. The opinions of both witnesses were based in part upon treatises in the field of water safety. We think the objections to this testimony were correctly overruled. "An expert witness may give his opinion, though it is founded not upon personal observation but upon knowledge gained from books and treatises in his field. * * * But these practices fall short of a hearsay use of the treatises." McCormick on Evidence, p. 620, sec. 296. See, also, 19 Tex.Jur., p. 73, sec. 47; Schooler v. State, Tex.Civ. App., 175 S.W.2d 664; Jones v. State, 159 Tex.Cr.R. 29, 261 S.W.2d 161; Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co. v. Messenger, 181 Md. 295, 29 A.2d 653.

In rejecting opinion testimony, the court has a wide discretion, which will not be reviewed except for abuse. McCormick on Evidence, p. 29, sec. 13. We do not believe there was an abuse of discretion in excluding Sherman's opinion testimony.

Appellant's last point is that it was error to allow appellees to prove by appellant that he had previously filed a suit for $50,000 for an injury sustained in an automobile accident about ten months before the accident here in question. Appellant

testified that prior to the injuries for which he now sues he was in good health, without physical impairment. The extent of the injuries and the reduction of his earning capacity were proper subjects of inquiry. Issues were submitted as to appellant's physical condition at the time of the accident in question. In our opinion, this point fails to reflect error. Jones v. St. John, Tex.Civ.App., 178 S.W.2d 181; Fahey v. Clark, 125 Conn. 44, 3 A.2d 313; Zuber v. Northern Pacific Railway Company, 246 Minn. 157, 74 N.W.2d 641; Miller v. City of New York, 286 App.Div. 1033, 145 N.Y.S. 2d 295.

Finding no reversible error, the judgment is affirmed.