**LANE v. MASSACHUSETTS MUT. INS. CO. et al.**

No. 14832.

Court of Civil Appeals of Texas. Fort Worth.

May 9, 1947.

312

Euguene Sherrod, Jr., of Wichita Falls, for appellant.

Nelson, Montgomery & Robertson and Otis Nelson, all of Wichita Falls, and W. C. Gowan (of Carrington, Gowan, Johnson & Walker), of Dallas, for appellee.

HALL, Justice.

On June 19, 1946, the appellant, Mrs. Clara Lane, instituted this suit in the 89th District Court of Wichita County, against the appellees, the Massachusetts Mutual Life Insurance Company, and W. B. Hamilton, as owners and operators of the W. B. Hamilton Office Building, located in Wichita Falls, Texas, alleging action for personal injuries sustained when she tripped over a rubber mat laying on the floor of appellees' premises at the entrance to said building, and fell into a post.

The appellees answered that appellant sustained her injuries by her own failure to exercise ordinary care for her own safety and the said fall was not the result of any negligence on appellees' part, and that: if appellant was in the exercise of ordinary care, the accident was an unavoidable one, etc. They further plead that appellant's cause of action here asserted has long since been fully satisfied and released by the appellant's execution of a release and the endorsement of a draft for the sum of $158 paid to her in full satisfaction of said claim.

After hearing the evidence, the judge of said court instructed the jury to return a verdict in favor of appellees; from such adverse ruling, the appellant prosecutes this appeal; her first point of error being as follows: "The error of the court in holding that the evidence failed to show that the defective condition of the mat had existed a sufficient length of time prior to the accident to charge the defendants with negligence."

It was alleged and proven that the rubber mat in question was located in the main entrance to the appellees' building, that it was about five or six months old and was placed there by the manager of the building, that it had been cut into three pieces and the corners were cut out to fit the posts and to lay secure in the space allotted for each mat. Appellant testified that when she entered the building for the purpose of seeing her doctor, she saw the mat but did not observe that there was anything wrong with it. The first thing that she knew there was something wrong with the mat was when it rolled forward under her foot, and as she went forward, the mat continued to roll, and she was unable to maintain her footing and fell forward, striking her head and chest against a post.

For the purposes of this record, it is unnecessary to describe in detail the seriousness of her injuries, except to state that the testimony shows that she was injured on this occasion.

Appellant contends that the rubber mat of appellees was curled up at the time the appellant entered the premises, but there is no direct proof of such contention. She based her supposition upon the premise that it must have been curled up because it would not lay flat when it was rolled back into place after the accident. The record fails to disclose any evidence of the condition of the floor mat before the accident, except that the manager of the building testified that he noticed the mats that morning, when he came to work, between the hours of 8 and 9 a. m.; that they were in good condition and in the proper place. He further testified:

"Q. When you looked over these mats, state what condition you found them in at the time. A. The mats were all in order when I came in that morning

"Q. Did you find them rolled or curled up in any way? A. No, sir."

And the following testimony of appellant:

"Q. Did you see that rug or mat as you came in? A. I noticed that there was a mat on the floor as I came in.

"Q. When did you see it sticking up there? A. I stuck my foot under it was the first time I knew about the mat. My foot run under it.

"Q. As you came through the doorway, did you notice that mat? A. I noticed there was a mat on the floor, of course, but I wasn't going along looking down.

"Q. Did you notice anything wrong with that mat as you were about to step on it, as you came on it and came in that doorway? A. No, I didn't, but I did after my foot went under it."

She further testified that the accident occurred about 10 o'clock in the morning.

Mrs. Ruby Medlin testified in behalf of the appellant as follows:

"Q. I believe you stated Mrs. Lane was right ahead of you? A. Yes.

"Q. You were trailing right along behind her? A. Yes.

"Q. You testified that you did not see this mat at all until the accident occurred? A. No.

"Q. That is right isn't it? A. Yes."

Mrs. Medlin further testified that after Mrs. Lane had remained on the mat, and leaning against the post for some ten minutes, the mat was rolled back down by some men, and it, at that time, was sticking up about two inches against one of the door facings.

There being no evidence of the condition of the mat immediately before the time of the accident, testimony as to its condition after the mat had been bent, rolled, and scuffed up from the forward motion of the 260-pound weight of appellant, and in the absence of evidence that it was placed down in the same position that it was immediately prior to the accident, would not be evidence of sufficient probative

force to establish the fact that the mat was curled up, or sticking up, or any way faulty immediately prior to the accident. Jefferson Amusement Co. v. Eaves, Tex. Civ.App., 137 S.W.2d 104; Osborne v. Loew's Houston Co., Tex.Civ.App., 120 S. W.2d 947.

■ The law of this state requires the owner or operator of a business house to exercise ordinary care in keeping its premises in a reasonably safe condition so that a person cannot be injured and that if the owner or operator fails to do so he will become liable for injuries proximately caused thereby. Kallum v. Wheeler, 129 Tex. 74, 101 S.W.2d 225; Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073.

■ Bearing in mind that before the trial court was warranted in giving the peremptory instruction and in our review of the evidence as against the verdict, we recognize said court should have accepted as true all evidence supporting appellant's theory of liability and to have resolved in her favor every reasonable inference raised therefrom, as well as to have given said testimony its strongest probative force.

■ We shall also keep in mind that it is elementary that liability for personal injury is dependent in the law of negligence upon the presence of the fact that there was negligence on the part of the defendant, either in setting a harmful force in motion, or in creating a dangerous situation from which a harmful force may be set in motion, that a foreseeable injury to another may result therefrom, and that such condition was the proximate cause of an injury.

■ We have carefully examined the records in this case, and find no evidence introduced of any kind which tends to establish that the mat in question of appellees was structurally defective or improperly laid immediately prior to the accident nor (2) does the record contain any evidence that such defect, if any, existed any length of time, and (3) neither is there any evidence which tends to show that appellees knew, at any time, of any defect in said floor mat and/or that it was improperly laid. We find that the lacking of such requisite evidence will not support a judgment in this kind of case. Scheps v. La Rose, Tex.Civ.

App., 88 S.W.2d 557; Hollingsworth v. American Trading Co., Inc., Tex.Civ.App., 156 S.W.2d 290; Jefferson Amusement Co. v. Eaves, supra; Osborne et al. v. Loew's Houston Co., supra.

■ As is set out in 45 Corpus Juris, p. 837, it is said: "In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises, the condition must be known to the owner or occupant, or have existed for such length of time that it was the duty of the owner or occupant to know of it."

■ While resolving, in appellant's favor, every reasonable inference her evidence reflects, we can only find that it produced a mere proof of an accident; such evidence is no proof of negligence. Phillips v. Citizen National Bank et al., Tex. Com.App., 15 S.W.2d 550, and cases therein cited.

We find that the trial court correctly instructed the jury to return a verdict in favor of appellees; and therefore, it follows that we deem it unnecessary to discuss appellant's points of error two and three.

The judgment of the trial court is affirmed.