**Andrew C. McFERREN, Appellant,**

**v.**

**BRAE BURN COUNTRY CLUB, Appellee.**

**No. 12771.**

Court of Civil Appeals of Texas.

Galveston.

Dec. 2, 1954.

Rehearing Denied Jan. 13, 1955.

Vinson, Elkins, Weems & Searls, and B. Jeff Crane, Jr., Houston, for appellant.

Hamblen & Bobbitt, and Karl E. Kraft, Houston, for appellee.

GRAVES, Justice.

This suit was filed by appellant, Andrew C. McFerren, against appellee, Brae Burn Country Club, to recover for personal injuries sustained by appellant as the result of an electrical shock received upon appellee's premises, on August 21, 1950.

At the conclusion of appellant's evidence, and after some additional testimony had been adduced, at the request of the Court, appellee's motion for instructed verdict was sustained, the jury being instructed to return a verdict in favor of the defendant, appellee, and against the plaintiff, appellant, and a judgment was entered thereon that appellant take nothing by his suit.

In this Court appellant presents these three points of error:

### First

"The Court erred in sustaining appellee's motion for an instructed verdict, the evidence adduced by appellant having raised issues of appellee's negligence, proximately causing appellant's injuries."

### Second

"The Court erred in sustaining and in not overruling appellee's motion for an instructed verdict, the evidence adduced by appellant having raised issues of appellee's negligence proximately causing appellant's injuries."

### Third

"The Court erred in instructing the jury to return a verdict in favor of appellee and against this appellant, the evidence adduced by appellant having raised issues of fact concerning the negligence of appellee proximately causing appellant's injuries."

Appellant's position upon his appeal is thought to be, in substantial summary, thus stated in the brief of appellant herein: (1) "that he raised by pleadings and evidence issues-of-fact that his injuries proximately resulted from a defective electrical apparatus. That the Country Club had express knowledge of such defect, and invited appellant to work on such machine, without disclosing the information it had, which information, had it been imparted, would have prevented the serious accident that occurred;" (2) "that appellee was guilty of actionable negligence, in improperly installing the appliance in the first place, contrary to recognized practice, and in failing, after learning of its propensity to cause harm, and in not thereafter grounding the appliance, or warning appellant of its accumulated knowledge."

The appellee, in turn, answers with five counter-points, the substance of which is this:

### One

"The trial court's action in instructing the jury to return a verdict for the Appellee was proper since there is no evidence of negligence on the part of Appellee which proximately caused Appellant's injuries and damages."

### Two

" * * * since there is insufficient evidence of negligence on the part of Appellee proximately causing Appellant's injuries and damages to permit recovery therefor."

### Three

" * * * since under the evidence adduced the doctrine of volenti non fit injuria (no injury is done to one consenting to the procedure) is applicable to Appellant's claim."

### Four

" * * * since under the evidence adduced, Appellant voluntarily exposed himself to the very risk which caused his injury, and, as a matter of law, is not entitled to recover for the injuries and damages resulting therefrom.

### Five

" * * * since as a matter of law Appellant was guilty of negligence proximately causing his injuries and damages."

In this Court, appellant supports his position as to the standard of care he claims was due him in this instance by the appellee, by citing the cause of Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073, 1074, and quoting this paragraph therefrom: "It is settled by the law of this State that if the plaintiff was on the premises as an invitee, it was the defendant's duty to exercise ordinary care to keep its premises in a reasonably safe condition, so that the plaintiff would not be injured; and that if the defendant failed so to do, it would be liable for the damages proximately caused thereby. Kallum v. Wheeler, 129 Tex. 74, 101 S.W.2d 225."

This Court, however, while recognizing the rule so set down in the Carlisle v. J. Weingarten Inc., case, and further that, under the facts, appellant's status on the premises involved was that of an invitee, is constrained to further hold that the rule that is so expressed by the Supreme Court has no application to the undisputed record in this cause. This for the reason that it is also well established that an invitee, to recover damages resulting from a hidden danger, must prove the existence of such a danger, and that the owner, or occupant, of the premises involved, knew or ought to have known, of that particular danger. Camp v. J. H. Kirkpatrick Co., Tex.Civ.App., 250 S.W.2d 413, error refused, n. r. e.; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Hodges v. Nix, Tex.Civ.App., 225 S.W.2d 576, error refused, n. r. e.; Lane v. Massachusetts Mutual Ins. Co., Tex.Civ.App., 202 S.W.2d 311; Worth Food Markets v. Le Baume, Tex.Civ.App., 112 S.W.2d 1089, error dismissed; Galveston, H. & H. R. Co. v. McLain, Tex.Civ.App., 218 S.W. 65, error refused; 38 American Jur. 757, Sec. 97.

In the cited Camp case, in which the Supreme Court of Texas refused a writ of error, the San Antonio Court of Civil Appeals, through Justice Pope, expressed the matter this way [250 S.W.2d 417]: "Assuming a condition of serious danger that is hidden from an invitee; he can not recover if the owner neither knew nor ought to have known of it, for there is no breach of duty."

Under the entire evidence adduced here, there is no showing that the appellee had, or ought to have had, any knowledge of a hidden danger in its dishwashing machine.

This comment upon the resulting state of the evidence in this controversy is quoted with approval from the appellee's brief, to-wit: "The evidence of harmless electrical 'shocks' having been received by the machine operator from direct contact with a portion of the broken switch unit when taken with Appellant's expert testimony, i. e., that a shock would not be sustained except

by touching the start and stop switch or contacter if the machine were properly grounded, certainly cannot form the basis for a finding that Appellee had knowledge of a hidden danger or had such information as would require inspection to determine if such danger existed. Especially would this seem to be true in view of Appellant's undisputed testimony, as an expert, that the broken switch unit, in its then condition was not dangerous."

In support of this view, it is thought the case of Feldewerth v. Great Eastern Oil Co., Mo.App., 149 S.W.2d 410, is at least persuasive.

■ Since it thus appears that the appellee Country Club neither knew, nor was charged with the knowledge of the existence of the defective condition, upon which the appellant relied for his recovery, the judgment of the trial court will be affirmed.

Affirmed.

HAMBLEN, C. J., not sitting.