**J. J. HOLLEY, Appellant,**

v.

**CENTRAL AUTO PARTS et al.,**
Appellees.

No. 10868.

Court of Civil Appeals of Texas.

Austin.

Rehearing Denied June 14, 1961.

Ernest L. Sample, Beaumont, for appellant.

King, Sharfstein & Rienstra, Dale Dowell, Beaumont, for appellee.

ARCHER, Chief Justice.

This suit was filed by appellant against appellees for damages alleged to have been sustained by appellant when a heavy truck rim collapsed while he was attempting to mount a tire and the rim on one of his trucks.

Appellant alleged that he purchased a secondhand rim from appellees and was told by a managing partner that the rim was a good one; that the rim had been freshly painted; that there was a flaw in the edge of the rim which should have given warning of the defect if it had not been freshly painted; that the rim was defective which caused the tire to explode while he was mounting it, and alleged negligence by appellees in painting over the defect, offering it for sale and failure to inspect and test the rim.

This case was tried before a jury and at the close of appellant's evidence, the appellees made a Motion for Instructed Verdict, which was granted by the trial court. A take nothing judgment in accordance therewith in favor of appellees was thereafter entered, from which judgment appellant has perfected this appeal.

The appeal is based on four points of error to the effect that the court erred in granting an instructed verdict because there was an implied warranty of fitness of the rim; that there was negligence in offering the rim for sale and representing that it was a good one; and in offering the defective rim for sale in a repainted condition and thus concealing the flaw which would have given warning of the true condition.

The four points are restated and presented together.

Appellee has made ten counterpoints to the general effect that there was no error in granting the motion for an instructed verdict because the undisputed evidence showed as a matter of law that the rim was secondhand, and there existed no implied warranty of fitness of the rim; that there were no pleadings that any express representations made by appellee constituted negligence, proximately causing his injuries, or that any express representation was negligence, and was a proximate cause of appellant's injuries; that there was no evidence that appellees owed a duty to appellant to inspect the rim before selling it; or that failure to inspect the rim was a proximate cause of the injuries; that there was no evidence that any repainting of the rim was negligence and was a proximate cause of the injuries, because the undisputed evidence shows as a matter of law that appellant was as fully cognizant of any peril or hazard connected with the use of the rim as were appellees, and there was no evidence that the rim was in anywise defective at the time it was sold to appellant.

The appellee's position is that appellees are engaged in the business of selling automobile parts, new and used, and some junk and that appellant is engaged in the trucking business and has been for about twelve years and had experience in auto mechanics and was familiar with rims and putting them on and drove one of his trucks.

The testimony is that the rim might pass through the mounting process without collapsing for as many as five or six times as against one time that it would collapse.

■ Appellant admitted that he went into the place of business of appellees and selected the rim and knew that it was secondhand, or used, and we do not believe that he can assert successfully that an implied warranty exists.

The cases dealing with an implied warranty on secondhand goods are: American Soda Fountain Company v. Palace Drug Store, Tex.Civ.App., 245 S.W. 1032; Norvell-Wilder Supply Co. v. Richardson, Tex. Civ.App., 300 S.W.2d 773, er. ref., N.R.E.; Aeronautical Corporation of America v. Gossett, Tex.Civ.App., 117 S.W.2d 893; 151 A.L.R. 446.

■ No contention is made by appellant in his pleadings that a statement was made by appellees constituting negligence, or that any such statement was a proximate cause of the accident and his injuries, and appellant could not have recovered under the theory of negligent misrepresentation whether there was any evidence as to this or not. There must be pleadings as well as proof. Rule 301, Texas Rules of Civil Procedure; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130.

The appellant testified as to only two statements made to him by Carl Savino, the first was that the rim was "a good one" and the second was in answer to whether the rim would "take a 900 tire" in connection with the size of the rim.

Any such statements were made after Mr. Holley had already selected the rim and had an opportunity to inspect it, knowing it was secondhand and he knew as much about used parts as did Savino, he had been in the trucking business for twelve years and was familiar with rims and putting them on.

There is no evidence of any casual connection between the size of the rim and the accident, or that the rim was too large or too small for a "900 tire." Watkins v. Davis, Tex.Civ.App., 308 S.W.2d 906, er. ref., N.R.E.

■ The statement of Savino, even if made, that it was "a good one" amounted to no more than an opinion and is not actionable.

In Bertram v. Reed Automobile Co., Tex. Civ.App., 49 S.W.2d 517, 518, er. ref., the Court stated that:

"* * * the representations made by appellee's agent in making the sale to appellant, as set out above, are not such as will support a charge of fraud in a transaction of this sort. Common experience and observation cause one to marvel at the moderation of the selling agent in making his trade talk to appellant. For an automobile selling agent to describe his offering merely as a 'dandy,' a 'bear-cat,' a 'good little car,' a 'good automobile,' or even a 'sweet job,' is nothing. Those are relative terms, they may mean anything the orator or the listener wants, and neither may be penalized if the one exaggerates or the other is disappointed."

■ As is stated in the Law of Torts (2d Ed. 1955) Ch. 18, at page 556:

"It is stated very often as a fundamental rule in connection with all of the various remedies for misrepresentation, that they will not lie for misstatements of opinion, as distinguished from those of fact."

There was no evidence that the rim was defective in any manner at the time appellant picked it up and bought it.

When appellant saw the rim it was fitted together, and he did not see any marks or scars on it; it appeared to have been painted black and appellant knew it was a secondhand one.

Mr. Holley took the rim across the street to where his truck was located to mount it, and there worked with it and another rim for an hour or so. In mounting the rim Mr. Holley had to break it down to get the

tire on it and buckle it back together, and during this time he observed no bent places or anything like that on the rim, he did find that it was hard to buckle back, but thought that this was because of the new tire he was putting on it.

The rim collapsed when Mr. Holley was placing the rim and tire on his truck, and he had experience with automobiles and was familiar with rims and putting them on.

After the accident Mr. Holley examined the rim and found that part of it was flat and looked like it had been run against a curb and was warped some way, but he still did not know what was the matter with the rim.

Dr. Tomm an expert witness in engineering and in the field of structural failures, testified that he had examined the rim, brought to him by Mr. Holley sometime after the accident, and said that the rim was sprung and that in lifting or turning it over for mounting that the least little force would cause it to spring out of position. The witness could not pinpoint where the rim was sprung, that he had run tests on it and did not know what caused the rim to be sprung.

The rule applicable to the duty of inspection is set forth in Restatement of the Law of Torts, Sec. 402 (Supp.1948) and recognized as the law in Texas in Hubbard v. Gray Tool Co., Tex.Civ.App., 307 S.W.2d 599, er. ref., N.R.E.

There is no evidence in this case that appellees knew of any defect in the tire rim either at the time of sale to Holley or prior thereto and there was no reasonable grounds to anticipate that failure to inspect it would result in injury, and such failure would not constitute negligence. Pound v. Popular Dry Goods Co., Tex.Civ.App., 139 S.W.2d 341, no writ history; Willey v. Fyrogas Co., 363 Mo. 406, 251 S.W.2d 635; Sears Roebuck & Co. v. Marhenke, 9 Cir., 121 F.2d 598.

The level of or the comparative knowledge of the parties to this suit concerning the rim in question appears to be the crux of this case. The undisputed evidence shows the level of knowledge of the parties to have been at least equal when Holley purchased and attempted to place the rim and tire on his truck.

"The grounds of liability is the seller's superior knowledge of the dangerous characteristics of the article sold." 46 Am.Jur. 929, Sales, Sec. 804.

■ It was incumbent on appellant to prove the existence of the dangerous condition of the rim at the time of and prior to the sale to him, and this he did not do. McFerren v. Brae Burn Country Club, Tex.Civ.App., 274 S.W.2d 122, er. ref., N.R.E.

The rule applicable to granting an instructed verdict is stated in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

We have given careful consideration to the several cases cited by appellant but do not believe them to be controlling in this case.

■ From what has been said we are of the opinion that appellant's evidence, viewed in the light most favorable to him, and against the instructed verdict, was not sufficient to raise jury issues contended for, and that the Trial Court did not err in directing the verdict for the appellees.

The judgment of the Trial Court is affirmed.