Dean PRICE, Appellant,

v.

SURF LEASE SERVICE, INC., Appellee.

No. 7283.

Court of Civil Appeals of Texas,
Beaumont.

Oct. 28, 1971.

Rehearing Denied Nov. 18, 1971.

Joe L. Price, Trinity, for appellant.

Ross, Banks, May, Cron & Cavin, Houston, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling defendant's plea of privilege. The parties will be referred to here as they were in the trial court.

Surf Lease Service, Inc., as plaintiff, brought this suit against Dean Price as defendant in Jefferson County. The suit is one based upon a sworn account for goods and services. Defendant filed a plea of privilege to be sued in Trinity County, the county of his residence. Plaintiff controverted such plea, relying upon Section 5 of Article 1995, Vernon's Ann.Civ.St., to maintain venue in Jefferson County.

This case is before us upon an agreed statement of facts, signed by the attorneys, and containing a statement that it contains "all the facts given in evidence and all the evidence adduced * * *." This method of producing a statement of facts is permitted by Rule 378, Texas Rules of Civil Procedure.

This agreed statement of facts showed that W. J. Faires, a witness for plaintiff, testified: He is the president of the plaintiff corporation. That plaintiff has only one place of business and that is in Beaumont, Texas. Defendant called him by telephone and said he wanted to hire a

dragline from plaintiff. Plaintiff did not have the right size at the time, and defendant said he would take one of the machines available. They agreed upon the price and wages of the operator and defendant agreed to pay the moving time.

Bob A. Reed, called by plaintiff, testified: He is plaintiff's office manager and is in charge of the company records. The procedure in regard to keeping records on this job was the one normally used by plaintiff. The operator of plaintiff's dragline was instructed to have field tickets signed each day. The witness identified eight field tickets which were admitted in evidence. The entries made on such field tickets were made at the time or soon after the dates shown. One of such field tickets is reproduced as follows:

"SURF LEASE SERVICE, Inc.
P.O. Box 107  Beaumont, Texas  77704
Phone 713 832–7789  No 4926

Company ...... Dean Price ......

Location ...... Trinity, Texas ...... 6–25–70

Lease ......................

Order No. ...... Well No. ......

| DESCRIPTION | HRS | RATE | | AMOUNT | |
|---|---|---|---|---|---|
| 1—12 ton Truck & Low boy | 5 | 20 | 00 | 100 | 00 |
| | | 12 | | 60 | |
| | | | | | |
| 1—¾ yd. Dragline | 6 | 18 | 50 | 111 | 00 |
| | | | | 90 | 00 |
| | | | | | |
| State Hwy Permit #345304 | | | | 5 | 15 |
| | | | | | |
| /S/ Dean Price | | | | 157 | 15 |
| | | | | | |
| | | | | 216 | 15" |

[A4539]

That at the conclusion of this job, the field tickets were gathered and priced and an invoice-statement prepared. Such invoice-statement was identified as the one admitted in evidence reflecting an account due by defendant in the amount of $1,541.-90. Such invoice is reproduced as follows:

"INVOICE

SURF LEASE SERVICE, INC.
General Contractors
P.O. BOX 107     PHONE 713 TE 2–7789
BEAUMONT, TEXAS  77704

Dean Price                DATE ...July 18, 1970...
Trinity, Texas            PLACE ................
                          LEASE ................
                          WELL NO. ............
                          ORDER NO. ...........
                          INVOICE NO. .249–70. #1

PLEASE REMIT TO P.O. BOX 107,
BEAUMONT, TEXAS  77704

Move to location and work as instructed, June 25 thru July 3, 1970.

12 Ton truck w/lowboy—7 hrs @ 20.00      140.00
¾ C.Y. Dragline 75¼ hrs @ 18.50        1,396.75
State Highway Permit No. 345304            5.15
                                    $ 1,541.90"

[A4540]

◼ The evidence in this case does not support the implied finding by the trial court that defendant had contracted in writing to perform an obligation in Jefferson County under Section 5 of Article 1995, V.A.C.S.

In fact, the evidence does not show even an oral agreement by defendant to do anything in Jefferson County. The parties agreed on the terms of their contract by telephone. Field tickets were presented to defendant and signed by defendant each day as the work progressed in Trinity, Texas, but there was nothing on the field tickets which indicated defendant was agreeing to perform an obligation in Jefferson County. It is noted the heading on the field tickets showed plaintiff to have a Beaumont, Texas address, but this in itself has been held to be insufficient to establish venue under Section 5. Harris v. Ashland Oil & Refining Co., 315 S.W. 2d 327 (Tex.Civ.App., El Paso, 1958, no writ).

◼ Plaintiff argues the oral telephone agreement, the field tickets and the invoice-statement all together constitute the

contract between the parties and the invoice-statement requires defendant to remit at Beaumont, Texas. There is no evidence that plaintiff delivered or attempted to deliver such invoice-statement to defendant, or that defendant ever received it. We know of no rule of law by which we can reach this inference from the evidence. We understand the rule to be that an agreed statement is presumed to embrace every fact in the case, and that no other facts or findings may be presumed or inferred, except such facts as are necessarily implied from those expressly stipulated. Heiple v. Jenkins, 67 S.W.2d 669, 670 (Tex.Civ.App., San Antonio, 1933, error dism.).

Assuming, arguendo, that the evidence shows delivery of the invoice-statement, we would reach the same result in this case. We have concluded the contract between these parties was completed when the last field ticket was signed. Plaintiff did nothing more than to compile the information shown by the field tickets and prepare an invoice requesting defendant to pay at Beaumont, Texas.

Reversed and remanded to the trial court with instructions that the case be transferred to Trinity County, Texas.