**John T. STEWART, III, et al., Appellants,**

v.

**B. A. MOBLEY and Ruby Mobley,
Appellees.**

**No. 7494.**

Court of Civil Appeals of Texas,
Beaumont.

Oct. 4, 1973.

Rehearing Denied Oct. 25, 1973.

Cox, Pakenham & Roady, Houston, for appellants.

Joe Tonahill, Jasper, for appellee.

STEPHENSON, Justice.

This is a declaratory judgment action involving the construction of certain deeds. Trial was before the court and judgment was rendered for defendant that she recover the fee simple title to the 1.74 acre tract of land in issue. The parties will be referred to here as they were in the trial court.

The primary instrument to be construed is dated April 24, 1902, and is executed by the president and secretary of Sabine Land & Improvement Co., a Texas corporation (owner of 49% of the 2.75 acre tract of land covered by this instrument), John H. Kirby, an individual (owner of 51% of this tract), and H. A. Taylor, Acting Secretary of the Treasury of the United States.

The operative portion of that instrument reads as follows:

"Whereas, The Secretary of the Treasury has been authorized by law to establish the Life-saving Station herein described;

"And Whereas, Congress, by Act of March 3, 1875, provided as follows, viz: 'And the Secretary of the Treasury is hereby authorized, whenever he shall deem it advisable, to acquire, by donation or purchase, in behalf of the United States, the right to use and occupy sites for life-saving or life-boat stations, houses of refuge, and sites for pierhead Beacons, the establishment of which has been, or shall hereafter be, authorized by Congress;' And whereas, the said Secretary of the Treasury deems it advisable to acquire on behalf of the United States, the right to use and occupy the hereinafter described lot of land as a site for a Life-Saving Station, as indicated by his signature hereto: Now This Indenture between Sabine Land and Improvement Company, a corporation of the State of Texas, and John H. Kirby, of the City of Houston, in the State of Texas, parties of the first part, and the United States, represented by the Secretary of the Treasury, party of the second part, Witnesseth that the said parties of the first part, in consideration of the sum of One dollar, by these presents do grant, demise, release and convey unto the said United States all that certain lot of land [description of 2.75 acres omitted]. Together with a right of way over the lands of the parties of the first part, along such route as shall be most convenient to them, from the premises above described to the nearest public road, street or highway which may be maintained and used for public travel, for those in the employ of the United States, on foot or with vehicles of any kind, with boats or any articles used for the purpose of carrying out the intentions of Congress in providing for the establishment of Life-Saving Stations, which route may be changed from time to time, by said parties of the first part, as new highways or roads are laid out; and also the right to erect such structures upon the said land as the United States may see fit, and to remove any and all such structures and appliances at any time; the said premises to be used and occupied for the purposes named in said act of March 3, 1875. To have and to hold the said lot of land and privileges unto the United States from this date, so long as the same shall be used for the purposes aforesaid, and should the United States cease to use the same for the purposes aforesaid for the space of three years, then and in that event the said land shall revert to the said parties of the first part, their successors, heirs and

assigns. And the said Sabine Land & Improvement Company for itself and its successors and the said John H. Kirby, for himself, his heirs, executors and administrators, do covenant with the United States to warrant and defend the peaceable possession of the above described premises to the United States, for the purposes above named, for the term of this covenant, against the lawful claims of all persons claiming, by, through, or under them. No covenant shall be implied from the use in this instrument of the words 'grant and convey' and the said grantors make no covenant whatever in this instrument, either expressed or implied, except the aforesaid covenant of warranty against the lawful claims of all persons claiming by, through or under them; [signatures, dates and acknowledgements omitted]."

The controversy between the parties is stated as follows: Plaintiffs contend the 1902 instrument executed by Sabine Land & Improvement Company, John H. Kirby, and the United States imposed a conditional limitation upon the title conveyed. Plaintiffs also contend that even if such instrument imposed a condition subsequent, the interest conveyed reverted to the grantors' successors in interest upon reentry by the filing of this suit. Defendant contends that such instrument created a condition subsequent which, having been satisfied, is of no further force or effect.

The trial court made findings of fact and conclusions of law in agreement with defendant's contentions. The findings included:

"14. One purpose for the conveyance and donation of the 2.75 acre tract referred to above to the United States by Sabine Land and Improvement Company and John *W.* Kirby in 1902 was to increase the value of grantor's remaining and adjoining land.

"15. After the conveyance and donation of the 2.75 acres to the United States by the grantors referred to in

Findings No. 5 and 14, the United States built a life savings station on the 2.75 acre area, producing an appreciation in value of said grantor's surrounding land."

The conclusions of law included:

"1. The deed referred to in Finding No. 5 created a condition subsequent with a reversionary interest in grantor.

\* \* \* \* \* \*

"7. The reversionary interest excepted from the conveyance referred to in Findings No. 8 and 11 by Sabine Land and Improvement Company has terminated because the act of the United States in building the life savings station produced the appreciation in value of the grantor's land and the subsequent sale by said grantor, as found in Findings No. 8 and 11, caused said grantors to be no longer concerned with the condition subsequently referred to in Conclusion No. 1."

Plaintiffs, Mallory Kountze and Ira L. Couch, Jr., are successors in title to Sabine Land & Improvement Company and brought this suit to establish their title to and right to possession of an undivided 49% interest in and to the land in controversy. Defendant, Ruby Mobley, claims under a deed dated February 14, 1961, from the United States. This appeal comes to this court with an agreed statement of facts in which it is stipulated that from and after February 14, 1961, the land in controversy has not been used for the purpose of a life-saving site.

Defendant relies primarily upon Stevens v. Galveston, H. & S. A. Ry. Co., 212 S.W. 639 (Tex.Comm.App.1919, jdgmt. adopted), to support the judgment rendered by the trial court. In that case, the deed to the railroad contained a clause that the land was to be used exclusively for railway depot grounds, and if the premises should cease to be used for that purpose, "they shall revert to the grantors or their successors." (212 S.W. at 640) The only con-

sideration in the deeds was $1.00, but the trial court found that the real consideration was the expected enhancement in value of other property by the railroad. The appellate court held the deeds conveyed the premises upon conditions subsequent, and not upon limitation. That the grantors in the deeds had conveyed all of their other property which was expected to be benefited and no longer had any interest in the condition.

We are not able to apply the law of the *Stevens* case to the one before us. First, even though the trial court made findings of fact that would support the "enhancement of value theory," plaintiffs have points of error attacking such findings. As stated above, we have an agreed statement of facts and there is no mention of enhancement of values. We think the law is clear that an agreed statement of facts, as provided for by Rule 378, Rules of Civil Procedure, is presumed to embrace every fact in the case and that no other facts or findings may be presumed or inferred, except such facts as are necessarily implied from those expressly stipulated. Price v. Surf Lease Service, Inc., 472 S. W.2d 812 (Tex.Civ.App., Beaumont, 1971, no writ). In the case before us, the trial court made this statement as a "Conclusion" to its findings of fact and conclusions of law:

"These findings of fact and conclusions of law are based upon the recorded documentary evidence and without resort to any oral testimony which could not vary the clear, controlling language and recitals contained in the deeds which form the basis for these findings of fact and conclusions of law."

There being no independent evidence to support the trial court's findings as to enhancement of value, we do not reach the same conclusion it did solely from the instruments in evidence. We do not find that the building of a life-saving station upon the 2.75 acres would necessarily enhance the value of grantor's remaining land. However, even should we assume, arguendo, that the trial court was correct in its finding, we still do not reach the same end it did.

The language of this instrument being construed first, considering the instrument as a whole, clearly states that the United States should have these premises to be used as a life-saving station, so long as it was used for that purpose, and "should the United States cease to use the same for the purposes aforesaid for the space of three years, then in that event the said land shall revert to the said parties of the first part, their successors, heirs and assigns."

We have come to the conclusion that this case is controlled by the law stated in Lawyers Trust Company v. City of Houston, 359 S.W.2d 887 (Tex.1962). In that case, the Supreme Court of Texas had before it an instrument dedicating certain tracts for parks and other purposes, which contained a provision, in substance, that if the tracts should cease to be used for that purpose, the fee title should vest in the company executing the instrument. The City of Houston contended that the language of the deed of dedication created a condition subsequent. The Supreme Court's opinion, after discussing the rules of construction, states that it does not agree that the language of the deed of dedication created a conditional limitation and that the fee title automatically vested in the grantor. However, the Supreme Court held that it did agree that the grantor's successor had the right of reentry which was exercised by the filing of that suit. So, in the case before us, whether the clause in question was a conditional limitation—and the title automatically reverted to plaintiffs—or created a condition subsequent—and the filing of this suit was an exercise of the right to reentry—in either event, the plaintiffs are entitled to recover the title to the land in question.

There is no language in this instrument indicating the United States would earn the fee title to the land by building a life-

saving station. This point of error is sustained. See Swink v. City of Dallas, 36 S.W.2d 222, 227 (Tex.Comm.App. 1931, holdings approved); Community of Priests v. Byrne, 255 S.W. 601, 603 (Tex.Comm. App.1923); and Wampler v. Harrington, 261 S.W.2d 883, 891 (Tex.Civ.App., Texarkana, 1953, error ref. n.r.e.).

Plaintiffs have points of error complaining of the findings and conclusions of the trial court that two of the deeds in their chain of title did not convey the reversionary interest of the Sabine Land & Improvement Company. The first deed was from Sabine Land & Improvement Company to Sabine Land & Improvement Company dated August 11, 1932. It is evident that the charter of the first corporation was expiring and it was conveying all of its assets to the second corporation. The word "reversions" was mentioned specifically in the deed. That deed also included this paragraph:

"NINETEENTH: The Robert Neill Survey, Abstract No. 184, containing 640 acres, more or less, patented by the State of Texas to said Neill by patent dated October 26, 1846, No. 6, Vol. 4, to which patent reference is hereby made for a more particular description; save and except 2.75 acres, more or less, donated and conveyed by Sabine Land & Improvement Company and John H. Kirby to the United States, as a site for a life-saving station, by deed dated April 24, 1902, recorded in volume 4, page 430, deed records of Jefferson County, Texas, to which deed reference is hereby made for a more particular description."

The second deed in question was from Sabine Land & Improvement Company to John T. Stewart, III, dated December 30, 1936.

■ Considering these deeds as a whole, and the age-old rule that a deed shall be held to convey the greatest estate permissible under its language, we come to the conclusion that both of these deeds convey the reversionary interest. The first

deed from corporation to corporation specifically includes the word "reversion". The other deed, although omitting that word, makes its intent clearly known by its other language. The resolution attached to the deed from Sabine to Stewart shows Stewart made an offer to purchase Sabine's land and other assets situated in the State of Texas. Such resolution contained a recital as follows:

". . . that the best interest of said corporation will be served by the acceptance of said offer; [thereupon the corporation unanimously approved a resolution directing its president and secretary to execute in the name of the corporation a deed of conveyance, with full warranty of title] . . . conveying all and singular every tract, parcel or interest in land lying and being situated in the State of Texas, standing in the name of Sabine Land and Improvement Company, and/or belonging to it, conveying the same by the fullest available description and with the added provision in said deed that it is the purpose and intention of said corporation to convey unto the grantee named in said deed all and singular every right, title, interest, claim or demand that it owns or has in land within the State of Texas."

The language that follows the descriptions and precedes the habendum clause of the Sabine to Stewart deed, reads as follows:

"It is further the purpose and intention of this instrument to convey unto the said John T. Stewart III all and singular every right, title, interest, claim or demand of every sort, kind, character and description standing in the name of and/or owned by Sabine Land & Improvement Company, a corporation, whether a further and more detailed description of the same is incorporated in the detailed description of the lands and property hereby conveyed or not, and the description of particular and specific lands in this conveyance shall not be construed to exclude other and additional lands, titles or interest in lands, if there

be such other lands, interests, titles or interest in lands belonging to or standing in the name of Sabine Land & Improvemet Company, it being the clear intention of the parties that for the consideration herein receipted for there is hereby and by these presents sold and conveyed unto the said John T. Stewart III, his heirs, and assigns, all and singular all of the property, rights, titles and interests that said corporation owns or has or possesses and has the right to convey."

These points of error are sustained.

Reversed and rendered that plaintiffs do have and recover judgment determining and declaring them the owner in fee simple to the tract of land in question (an undivided 49% interest).

Reversed and rendered.