George PRESTON, Jr., et ux., Delores Preston, Appellants,

v.

SEARS, ROEBUCK & COMPANY and Whirlpool Corporation, Appellees.

No. 8605.

Court of Civil Appeals of Texas, Texarkana.

Sept. 29, 1978.

Rehearing Denied Oct. 24, 1978.

Gerard B. Rickey, Pace, Chandler & Rickey, Dallas, for appellants.

Timothy E. Kelley, Dallas, for appellees.

ODEN, Justice.

Appellants, George Preston, Jr. and wife, Delores Preston, purchased a Kenmore Automatic Washer from Sears, Roebuck & Company, one of the appellees. Whirlpool Corporation, the other appellee, manufactured the automatic washer. The washer's water level switch was stuck in reset. Neither appellee was cognizant of the defect and appellants do not suggest that appellees had any intent to deceive them. The washer overflowed during its first use causing extensive damage to appellants' residence and furniture. Mr. and Mrs. Preston filed suit against Sears and Whirlpool wherein they asserted that the appellees breached certain express and implied warranties and that they were thereby entitled to the remedies provided for in Section 17.50 of the Consumer Protection Act (Supp.1978),[1] in addition to their other remedies provided by law. Section 17.50 reads in pertinent part as follows:

"§ 17.50. Relief for Consumers

(a) A consumer may maintain an action if he has been adversely affected by any of the following:

.   .   .   .   .

(2) breach of an express or implied warranty;

.   .   .   .   .

(b) In a suit filed under this section, each consumer who prevails may obtain:

(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended;

.   .   .".

A judgment was entered in favor of Mr. and Mrs. Preston for their actual damages in the amount of $4,200.00; however, the court refused to award treble damages and attorney's fees. The sole issue presented for our review is whether such refusal was error. The Supreme Court has adopted the view that the treble damage penalty is mandatory if the act applies.[2] *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977). Thus, we must determine if the act applies. If it does, the court erred in refusing to award treble damages and attorney's fees and we must reverse and render judgment in favor of Mr. and Mrs. Preston for $12,600.00 plus attorney's fees in the amount of $1,500.00. If the act does not apply, we must affirm.

The case is before us upon an Agreed Statement filed pursuant to Rule 378, Tex. R.Civ.P., which reads in pertinent part as follows:

"   .   .   .

I.

Plaintiffs, George Preston, Jr. and wife, Delores Preston, two individuals on June 14, 1975, purchased from Sears, Roebuck & Company one new Lady Kenmore Automatic Washer, Model 24901 for per-

---

1. Deceptive Trade Practices-Consumer Protection Act, Texas Business & Commerce Code, Sec. 17.41, et seq. (Supp.1978), hereinafter referred to as "the act." All future statutory references are to the act unless otherwise stated.

2. The acts complained of occurred before the enactment of Sec. 17.50A (Supp.) of the act effective May 23, 1977, and the amendment which was effective September 1, 1975. The references to the act pertain to the statute enacted in 1973 because the amendments were not retroactive. See *Woods v. Littleton, infra.*

sonal use by their family in Dallas, Texas. George Preston, Jr. and wife, Delores Preston, paid the purchase price of $354.99 to Sears, Roebuck and Company. The automatic washer was manufactured by Whirlpool Corporation. Sears, Roebuck & Company delivered and installed the new washer at the residence of George Preston, Jr. and Delores Preston on the 18th day of June, 1975. The first use of the new washing machine was by Delores Preston on the following day, June 19, 1975. At the time of delivery and installation by Sears, Roebuck & Company and through the time the washer was first used by Delores Preston, the water level switch to the washer was stuck in reset. That caused the washer on its first use to overflow and flood a portion of the home of George Preston, Jr. and wife, Delores Preston. Water damage resulted to property of George Preston, Jr. and Delores Preston.

## II.

Sears, Roebuck & Company delivered to George Preston, Jr. and Delores Preston the express written Warranty on the washer, a true copy of which is attached hereto as Exhibit A and incorporated herein for all purposes. George Preston, Jr. and wife, Delores Preston, relied upon the written Warranty furnished by Sears, Roebuck & Company in the purchase of the new washer on June 14, 1975.

## III.

The actual financial or monetary loss sustained by George Preston, Jr. and wife, Delores Preston, as a proximate result of the washer overflow on June 19, 1975, was the sum of $4,200.00.

## IV.

Following the occurrence of June 19, 1975, Sears, Roebuck & Company repaired and adjusted the water level switch to the automatic washer, without charge to George Preston, Jr. and wife, Delores Preston.

## V.

The sum of $1,000.00 is a reasonable sum for the fee of the attorney for George Preston, Jr. and Delores Preston when viewed in relation to the amount of work expended for trial in the trial court. In addition, the sum of $500.00 is a reasonable sum for the fee of the attorney for George Preston, Jr. and wife, Delores Preston, in relation to an appeal to the Court of Civil Appeals. The sum of $350.00 is a reasonable sum for the attorney's fee of the attorney for George Preston, Jr. and wife, Delores Preston, in relation to an Application for Writ of Error to the Supreme Court of Texas. . . . .".

The relevant portions of Exhibit A to the Agreed Statement state:

"SEARS GUARANTEES YOUR KENMORE AUTOMATIC WASHER, when used for private family purposes in the United States or Canada, to be free from defects in material or workmanship as follows:

Sears will

From date of sale and for a period of—

1. 5 Years—furnish replacement gear case parts if needed as listed below at no charge. However, after 1 year there will be a labor charge for removal and installation of gear case parts.

2. 5 Years—furnish replacement for 'Vari-Flex' agitator if needed at no charge. (All other agitators—replacement will be furnished for 2 years if needed) However, after 1 year there will be a labor charge for removal and installation of the agitator.

3. 2 Years—furnish all mechanical and electrical replacement repair parts at no charge. However, after 1 year there will be a labor charge for removal and installation of repair parts.

4. 1 Year—perform all service (labor) required to replace any parts mentioned above or any necessary mechanical adjustments, at no charge.

5. 30 Days—replace and install any defective porcelain finished parts at no charge."

■ An agreed statement filed pursuant to Rule 378, Tex.R.Civ.P., is presumed to embrace every fact in the case and no other facts or findings may be presumed or inferred, except such facts as are necessarily implied from those expressly stipulated. *Price v. Surf Lease Service, Inc.,* 472 S.W.2d 812 (Tex.Civ.App. Beaumont 1971, no writ); *Stewart v. Mobley,* 500 S.W.2d 246 (Tex.Civ. App. Beaumont 1973, writ ref'd n. r. e.).

■ The trial court and the parties are all in agreement that Mr. and Mrs. Preston are entitled to a judgment for at least $4,200.00 and we are not concerned with the legal theory upon which a judgment for this sum was rendered. Our concern is whether Section 17.50(a)(2) is applicable. A close examination of the agreed statement leads us to the conclusion that it isn't. We cannot presume that the trial court based its judgment on a finding that appellees breached an implied warranty. The warranty set forth in the agreed statement is, of course, an express warranty. The pivotal portion of the express warranty under review is, "to be free from defects in material or workmanship *as follows* : . . . " (Emphasis added.) In our opinion, the express warranty relates to Sears' obligation to repair the automatic washer. It is not an express warranty that the washer is free from defects in materials or workmanship. The automatic washer was repaired at no cost to Mr. and Mrs. Preston. Since the express warranty related to repair, there was no breach and Section 17.50(a)(2) is not applicable.

It is not necessary for us to determine if Section 17.50(a)(2) requires that one such as appellants show an intent to deceive before a breach of an express or implied warranty will give rise to an award of treble damages under the act, however, we think it noteworthy that it was held in *Singleton v. Pennington,* 568 S.W.2d 367 (Tex.Civ.App.

Dallas 1977, no writ), that an intent to deceive must be proved before treble damages are recoverable under Section 17.-50(a)(1) as it relates to Section 17.46(a) [3] and Section 17.50(a)(3).[4]

The judgment of the trial court is affirmed.

---

3. False, misleading or deceptive acts or practices in the conduct of any trade or commerce.

4. Any unconscionable action or course of action by any person.