Bruce BUNTING, Appellant,

v.

Joe FODOR, d/b/a U. S. European Motors, Appellee.

No. 17278.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 28, 1979.

Bertrand C. Moser, Houston, for appellant.

Eikel & Davey, Robert Eikel, Houston, for appellee.

Before EVANS, WARREN and WALLACE, JJ.

WALLACE, Justice.

Bruce Bunting, plaintiff below, appeals from the granting of an instructed verdict in favor of appellee Joe Fodor, D/B/A U.S. European Motors, defendant below, in an action for damages arising from an alleged breach of warranty brought under the Deceptive Trade Practices Act, hereinafter referred to as the Act. Tex.Bus. & Comm. Code Ann. Section 17.50(a)(2). Plaintiff had purchased from defendant a used short block; it was guaranteed for 90 days or 4000 miles, whichever came first. The further nature and extent of the guarantee were not expressed.

Plaintiff experienced repeated mechanical problems with the automobile engine, including various parts of the short block. During the 90 day period of guarantee, plaintiff's car was in defendant's shop for various repairs for approximately 60 days. Each time the car was brought to defendant, he consistently made repairs without charge to plaintiff. Plaintiff suffered repeated breakdowns due to engine problems both during and after the 90 day period and sought actual damages in the amount of

$2,000.00 for repairs to the automobile in question performed by third parties, automobile rentals, towing and loss of income occasioned by the alleged breach of warranty.

Trial was to a jury. The plaintiff rested his case without calling defendant, and the record is devoid of allegations or proof that defendant acted other than in good faith and with diligence. At the conclusion of plaintiff's evidence, defendant moved for an instructed verdict and it was granted by the trial court. Appeal is taken from that judgment.

Plaintiff asserts an action lies under Section 17.50(a)(2) of the Act for breach of warranty even though the warranty concerns *used* goods. We agree.

■ Section 17.50(a)(2) of the Act provides that a consumer may maintain an action if he has been adversely affected by breach of an express or implied warranty. Section 17.45(4) defines "consumer" as an "individual, partnership or corporation, or governmental entity who seeks or acquires by purchase or lease any goods or services." "Goods" is defined by Section 17.45(1) as "tangible chattels or real property purchased or leased for use." No distinction is made between new and used goods. Section 17.44, which sets out guidelines for construing the Act provides:

"This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection."

In keeping with this expressed legislative intent, and in the absence of any expressed intent to the contrary, it cannot be said an action does not lie under the Act for a breach of warranty made in connection with the sale of used goods.

An exhaustive analysis of the Act was undertaken by the Dallas Court of Civil Appeals in *Singleton v. Pennington*, 568 S.W.2d 367, (Tex.Civ.App.—Dallas 1978, no writ) in an action by a consumer for damages resulting from an innocent misrepresentation by a seller of second-hand goods. That court intimated that used goods were covered under the Act. We expressly hold a cause of action may lie under the Act for breach of warranty even though the warranty relates to used goods.

Plaintiff's petition asserts a breach of both an express warranty and an implied warranty "to compensate plaintiff for all towing expenses, car rentals and lost income occasioned by the malfunctions in the engine installed by defendant during the warranty."

### The Express Warranty

■ The express warranty in this case relates to defendant's obligation to repair the short block, which he had installed in plaintiff's automobile, for a period of 90 days or 4000 miles, whichever came first. There was no express warranty that the engine was free from defects in either material or workmanship. If any such warranty existed, it must be implied by law.

The evidence shows that at all times during the 90 day warranty period defendant performed all requested repairs at no charge to plaintiff. The repairs for which plaintiff now seeks recovery were made after the 90 day period and were performed by third parties. The car was not returned to the defendant, and he was offered no opportunity to make the repairs if, indeed, he was under a duty to do so.

Plaintiff failed to establish a breach of the express warranty to repair. Therefore, Section 17.50(a)(2) is not applicable unless an implied warranty of merchantability can be established. *Preston v. Sears, Roebuck & Co.*, 573 S.W.2d 560 (Tex.Civ.App.—Texarkana 1978, no writ).

### The Implied Warranty

■ The Deceptive Trade Practices Act does not create any implied warranties. Further, Section 17.46(b)(19) provides "that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314

through 2.318 of the Business & Commerce Code to involve obligations in excess of those which are appropriate to the goods". Prior to the enactment of the U.C.C. in Texas, our courts consistently held that there was no implied warranty of quality for goods purchased with the knowledge they were used. *Holley v. Central Auto Parts*, 347 S.W.2d 341 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.). In an early construction of Section 2.314 of the U.C.C., it was determined that the implied warranty of merchantability did not apply to the sale of used goods. *Chaq Oil Co. v. Gardner Machinery Corp.*, 500 S.W.2d 877 (Tex.Civ. App.—Houston [14th Dist.], 1973, no writ). Although the *Chaq Oil* case was decided prior to the enactment of the Deceptive Trade Practices Act, the express language of Section 17.46(b)(19) states that no warranties are created. Therefore, plaintiff must establish the existence of a warranty and a breach thereof before he is entitled to relief under Section 17.50(a)(2).

∎ The express warranty to repair does not create an implied warranty of merchantability. The limits of an express warranty to repair were recently addressed in *Preston v. Sears, Roebuck & Co., supra*, wherein the court stated:

"In our opinion, the express warranty relates to [the] obligation to repair . . . It is not an express warranty that the [good] is free from defects in materials and workmanship . . . Since the express warranty related to repair, there was no breach and Section 17.50(a)(2) is not applicable".

∎ Since no warranties were created by the Act and our courts have consistently held that an implied warranty of merchantability does not apply to the sale of used goods, we find that no implied warranty of merchantability existed in the present case.

Plaintiff failed to raise a material issue of fact as to a breach of the express warranty to repair and failed to establish that any implied warranties existed, therefore the trial court's action in granting defendant's motion for instructed verdict was proper. Accordingly, the judgment of the trial court is affirmed.