

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

August 9, 2018

Mr. Michael Reeser
Chancellor
Texas State Technical College
3801 Campus Drive
Waco, Texas 76705

Opinion No. KP-0209

Re:    Whether a right of reverter on property owned by Texas State Technical College is enforceable against it as a state agency (RQ-0210-KP)

Dear Mr. Reeser:

You ask about the enforceability of a right of reverter contained in a real property deed conveying property from an economic development corporation to a state agency.[1] You tell us that the Marshall Economic Development Corporation (the "Corporation") conveyed a building and real property to Texas State Technical College (the "College") in a deed containing a "Fee Simple Determinable Condition"—requiring that the College and any successors "shall use the property exclusively for" specified educational purposes. Request Letter at 1. The deed further provides that the Corporation grants the property

> for as long as the Fee Simple Determinable Condition is satisfied, and if the Fee Simple Determinable Condition is not satisfied, the Property will automatically revert to and be owned by Grantor [the Corporation] without the necessity of any further act on the part of the Grantor, it being Grantor's intent to convey a fee simple determinable estate to Grantee [the College].[2]

You tell us that the College no longer wishes to own the property but is uncertain about how to divest itself of the property in light of the reverter. You question whether a right of reverter is enforceable against the property because: (1) property belonging to the College is state property, and (2) state sovereignty principles generally prevent local government property restrictions such as ordinances and codes from applying to state or state agency property. *Id.* at 2 (citing several attorney general opinions about local restrictions on state or agency property); *see also Walsh v. Univ. of Tex.*, 169 S.W.2d 993, 993 (Tex. Civ. App.—El Paso 1942, writ ref'd) (explaining that

---

[1]*See* Letter from Mr. Michael Reeser, Chancellor, Tex. State Tech. Coll., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 29, 2018), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

[2]*See* Brief of the Marshall Econ. Dev. Corp. at 1 (Mar. 2, 2018) ("Corporation's Brief") (on file with the Op. Comm.).

university property is state property because the university has no existence independent of the State). You inform us that the College intends to either disregard the right of reverter and sell the property, sell the property subject to the right of reverter, or return the property to the Corporation, depending on the answer to your question:

> [D]oes a right of reverter related to a Fee Simple Determinable Condition bind the State, or do the sovereign property rights of an agency of the State of Texas result in Fee Simple ownership of the property?

Request Letter at 1–3.

In essence you ask whether the College owns a fee simple absolute—"an estate over which the owner has unlimited power of disposition in perpetuity without condition or limitation." *Hoke v. O'Bryen*, 281 S.W.3d 457, 460 (Tex. App.—San Antonio 2007, no pet.). However, the deed from the Corporation characterizes the estate owned by the College as a "fee simple determinable." Corporation's Brief at 1. "A 'fee simple determinable' is an estate that automatically expires upon the happening of a limiting event," in this case the cessation of the College's use of the property for the educational purposes specified. *Hoke*, 281 S.W.3d at 460. The Corporation claims a possibility of reverter, *see* Corporation Brief at 4, which is "a future interest retained by a grantor after conveying a fee simple determinable, so that the grantee's estate terminates automatically and reverts to the grantor if the terminating event ever occurs." *Singer v. State*, 391 S.W.3d 627, 632 n.1 (Tex. App.—El Paso 2012, pet. denied) (quotation marks omitted); *see also Luckel v. White*, 819 S.W.2d 459, 464 (Tex. 1991) ("The 'possibility of reverter' is the real property term of art for what the grantor owns as a future interest in a determinable fee grant; it is the grantor's right to fee ownership in the real property reverting to him if the condition terminating the determinable fee occurs."). While this office does not determine rights under a specific deed, we assume for purposes of this opinion that the deed, construed as a whole, reserves to the Corporation a possible right of reverter. *See Singer*, 391 S.W.3d at 632–33 & n.2 (construing the language of a deed as a whole to determine if it reserves a possibility of reverter); Tex. Att'y Gen. Op. No. JM-675 (1987) at 3, 8 (stating that the opinion process is not intended to determine "[w]hether specific deeds create covenants, conditions, or determinable fees").

You do not identify any principle of sovereignty that would effectively convert a fee simple determinable owned by the State or an agency into a fee simple absolute. The attorney general opinions that you reference all concern the principle based on sovereignty that the police powers of local governmental entities generally do not apply to property owned by the State. *See* Request Letter at 2 (citing Tex. Att'y Gen. Op. Nos. JM-117 (1983) at 2–3 (concerning building and zoning ordinances), MW-508 (1982) at 4–5 (concerning city fire codes), M-182 (1968) at 2 (concerning municipal building permits)). One opinion explains the rationale for the principle, that because subordinate governmental entities derive their existence and all of their powers from the State, when the Legislature grants them police powers, it does not thereby surrender the State's right to regulate its own property. *See* Tex. Att'y Gen. Op. No. M-182 (1968) at 2. Unlike police powers that derive from the State, a right of reverter is a private property interest that derives from the terms of a deed or other conveyance according to Texas real-property principles. *Luckel*, 819

S.W.2d at 464. Police powers and real property ownership rights are fundamentally unrelated concepts.

The parties' intent as expressed in the language of a deed determines the extent of the estate or interest granted. *See Luckel*, 819 S.W.2d at 461. A right of reverter is a "claim[] to property that the grantor never gave away." *El Dorado Land Co. v. City of McKinney*, 395 S.W.3d 798, 802–03 (Tex. 2013) (quotation marks omitted); *accord ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 867 (Tex. 2018). The Texas Supreme Court explained that a right of reverter is "a protected property interest," which a governmental entity may appropriate, if at all, only by giving just compensation. *El Dorado Land Co.*, 395 S.W.3d at 801–04 (holding that a right of reverter is a type of reversionary interest, which may be the subject of an inverse-condemnation claim); *accord Leeco Gas & Oil Co. v. Cty. of Nueces*, 736 S.W.2d 629, 631–32 (Tex. 1987) (holding that when a governmental entity is the grantee in a gift containing a right of reverter, the governmental entity cannot take that right in condemnation without paying just compensation). Moreover, a governmental entity does not extinguish a right of reverter by conveying the property to a third party. *See Stewart v. Mobley*, 500 S.W.2d 246, 250 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.) (holding that when property conveyed to the United States in a deed containing a possibility of reverter was sold to a third party, the third party took the property subject to the possibility of reverter); *Cypress–Fairbanks Indep. Sch. Dist. v. Glenn W. Loggins, Inc.*, 115 S.W.3d 67, 72–73 (Tex. App.—San Antonio 2003, pet. denied) (holding that a tax sale did not extinguish possibility of reverter).[3] In sum, a state agency's ownership interest in real property conveyed to it by deed is generally governed by the terms of the deed, and thus, an agency's ownership of a fee simple determinable can terminate and title revert to the grantor upon the occurrence of the terminating event specified in the deed.

---

[3]Sovereign immunity may affect the procedure or remedy to assert a right of reverter, but not its ultimate enforceability. *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 389–90 (Tex. 2011) (holding that sovereign immunity bars a suit that is in substance a trespass to try title action against the State, but does not prevent an owner from recovering possession of property unlawfully claimed by a state official on behalf of the State).

## S U M M A R Y

A state agency's ownership of a fee simple determinable interest in real property conveyed to it by deed can terminate and title revert to the grantor according to the terms of the deed.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee